Statement
 

 J. W. Buchanan
 

 was convicted of murder in the first degree with recommendation to mercy, and sentenced to life imprisonment for the murder of J. P. Brandt. Buchanan v. State, 95 Fla. 301, 116 So. R. 275. He was afterwards convicted of murder in the first degree without recommendation to mercy, and sentenced to capital punishment by electrocution for the murder of W. C. Mobray in the same engagement in which Brandt was killed. Buchanan v. State, 97 Fla. 1059, 122 So. R. 704. A warrant was issued by the Governor for the execution of the death sentence by the superintendent of the State prison under the statute. In
 
 habeas corpus
 
 proceedings before a circuit judge, Chapter 9169, Acts of 1923, authorizing electrocution, and the judicial sentence and the executive warrant commanding execution of the death sentence by electrocution were held to be void, and J. W. Buchanan was ‘ ‘ discharged from the effect and operation of said judgment and sentence and said death warrant.” A writ of error was allowed and taken under Section 5444 (3580), Comp. Gen. Laws of Florida, 1927.
 

 
 *1206
 
 Whitfield, J.
 

 In support of the final order discharging the petitioner from the sentence to capital punishment, it is in effect contended that a sentence of death by electrocution duly imposed for a capital offense, cannot be legally executed by the Superintendent of the State Prison, because such Superintendent is not elected by the people or appointed by the Governor, under Section 27, Article III, Constitution; or in other words, it is in effect contended that only an officer who under the law of the State is elected by the people or appointed by the Governor, can legally execute a judicial sentence to capital punishment. '
 

 Section 27, Article III, Constitution, is:
 

 “The Legislature shall provide for the election by the people or appointment by the Governor of all State and county officers not otherwise provided for by this Constitution, and fix by law their duties and compensation. ’ ’
 

 A somewhat similar provision appears in previous constitutions.
 

 The quoted organic provision does not command that all State and county functions, not otherwise provided for by the Constitution, shall be performed only by officers who are elected by the people or appointed by the Governor. The purpose of the section is to provide that when a State or county office is created, the incumbent of the office shall be elected by the people or appointed by the Governor, unless otherwise provided by the Constitution. In view of Section 27, Article III, of the Constitution, governmental functions requiring independent judgment, discretion and authority, can in general legally be exercised only by officers who are elected by the people or appointed by the Governor, unless otherwise provided or permitted by the Constitution.
 
 *1207
 
 See State v. Hocker, 39 Fla. 477, 22 So. R. 721, 63 A. S. R. 174; State v. Jones, 79 Fla. 56, 84 So. R. 84; McSween v. State Live Stock Sanitary Board, 97 Fla. 749, 122 So. R. 239; In Re Advisory Opinion to Governor, 49 Fla. 269, 39 So. R. 63; In Re Advisory Opinion to Governor, 76 Fla. 500, 80 So. R. 17; Dade County v. State, 95 Fla. 465, 116 So. R. 72; State v. Board of Public Instruction of Duval County, 98 Fla. 66, 123 So. R. 540. See also Westlake v. Merritt, 85 Fla. 28, 95 So. R. 662. There are exceptions to the above general rule, as for example, the statutory and inherent power of a competent court to appoint suitable persons to perform functions in the court or to execute its orders and mandates, when no officer is available for that purpose, to the end that the court may not be hindered or rendered impotent in the complete exercise of its judicial functions. See King v. State, 43 Fla. 211, 31 So. R. 254. There may be other exceptions. See Sections 4755 (3019), 8247 (5974), 4574 (2877), Comp. Gen. Laws; State ex rel. Attorney General v. Givens, 48 Fla. 165, 37 So. R. 308.
 

 Section 27, Article III, Constitution, does not prevent a statute from requiring public ministerial duties, not involving the exercise of official judgment or authority, to be performed by persons who are engaged in the public service, though not officials, when some other provision of the Constitution is not thereby violated. All governmental functions are not required by the Constitution to be performed by officials who are elected by the people or appointed by the Governor. Many functions that are not among “the powers of government,” which are by the Constitution divided into three departments, and that do not involve independent official judgment, discretion and authority, may be performed under statutory authority by persons who are not elected or appointed to fill offices, when such functions may be so performed under the command or direc
 
 *1208
 
 tion of officers who are elected by the people or appointed by the Governor. When the Constitution does not require particular functions to be performed only by those who fill an office, statutes may authorize such functions to be performed by persons who, though not officers, are engaged in the public service, where such performance does not involve the exercise of an independent governmental discretion, judgment or authority, but the duty assigned is to be performed as commanded or directed by a duly elected or appointed officer or by a tribunal having the right to exercise some of “the powers of the government,” when no provision or principle of law is thereby violated. See State v. Sheats, 78 Fla. 583, 83 So. R. 508.
 

 There is and has been no such office as death sentence “Executioner” in this State. Formerly the statutes imposed the duties of ‘ ‘ Executioner ’ ’ upon the several sheriffs who are county officers; but there being no office established for the purpose, the function of executing a judicial death sentence may be performed as is now provided by statute without violating the provisions of Section 27, Article III, Constitution.
 

 The statute defining murder in the first degree provides that the offense “shall be punishable by death.” The means and manner by which the death sentence is executed are regulated by other statutes, there being no organic provisions on the subject.
 

 If at common law the actual physical execution of a death sentence was required to be by an officer, the common law may be changed by statute if the Constitution is not violated. A statute of this State expressly excludes the common law “so far as the same relates to the modes and degrees of punishment.” Section 7126 (5024), Comp. Gen. Laws of Florida, 1927.
 

 
 *1209
 
 Each of the first three Constitutions of the State of Florida contained the following:
 

 “The General Assembly shall declare by law what parts of the common law and what parts of the civil law, not inconsistent with this Constitution, shall be in force in this State.” Section 6, Article XVI, Constitution of 1838; Section 5, Article XV, Constitution of 1861; Section 6, Article XVI, Constitution of 1865.
 

 Section 1, Article XVII, Constitution of 1838, which became effective after March 3, 1845, provided:
 

 “That all laws or parts of laws now in force, or which may be hereafter passed by the Governor and Legislative Council of the Territory of Florida, not repugnant to the provisions of this Constitution, shall continue in force until, by operation of their provisions or limitations, the same shall cease to be in force, or until the General Assembly of the State shall alter or repeal the same. ’ ’
 

 Section 1 of No. 55, An Act relating to crimes and misdemeanors, approved February 10, 1832, provides:
 

 “That the common law of England, in relation to crimes and misdemeanors, except so far as the same relates to the modes and degree of punishment, be and the same is hereby adopted and declared to be in full force in this Territory.” Acts 1832, page 63.
 

 This provision is brought forward in the several revisions and compilations of the general laws of the State and now appears in Section 7126 (5024), Comp. Gen. Laws of Florida, 1927, in the following language:
 

 
 *1210
 
 ‘ ‘ The common law of England in relation to crimes, except so far as the same relates to the modes and degrees of punishment, shall be of full force in this State where there is no existing provision by statute on the subject.”
 

 See also Section 87 (71), Comp. Gen. Laws, 1927.
 

 The Constitution contains no provision relative to punishments for crime or to the execution of sentences imposed by the courts upon persons convicted of crime, except the following:
 

 Section 8, Declaration of Rights, forbids “cruel or unusual punishment or indefinite imprisonment, ’ ’ Section 20, Article III, forbids the passage of special or local laws “for the punishment of crime or misdemeanor, ’ ’ and Section 32, Article III, provides that ‘ ‘ the repeal or amendment of any criminal statute shall not affect the prosecution of any crime committed before such repeal or amendment.” No person shall be deprived of life, liberty or property without due process of law. Section 12, Declaration of Rights.
 

 The Constitution, in Section 2, Article XIII, provides that “A State prison shall be established and maintained in such manner as may be prescribed by law. ’ ’ Section 2, Article XIV, authorizes the legislature to “provide by law for organizing and disciplining the militia of the State * *
 
 *
 
 for a guard for the State prison.” Section 26, Article IV, provides that the Commissioner of Agriculture shall “have supervision of the State prison.” Section 20, Article IV. “The Governor shall be assisted by administrative officers as follows: A Secretary of State, Attorney-General, Comptroller, Treasurer, Superintendent of Public Instruction and Commissioner of Agriculture, who shall be elected at the same time as the Governor, and shall hold
 
 *1211
 
 their offices for the same term.” Section 17, “The Governor and the administrative officers of the Executive Department shall constitute a Board of Commissioners of State Institutions, which board shall have supervision of all matters connected with such institutions in such manner as shall be prescribed by law. ’ ’ The State prison is one of the State institutions that are by the Constitution under the supervision of the constitutional board consisting of the Governor and other State administrative officers, as above stated.
 

 The statutes provide that
 
 ‘
 
 ‘ The Board of Commissioners of State Institutions shall establish a State prison for the safe keeping and punishment of prisoners,” and “shall elect a superintendent” of the State prison, who is required to “execute a bond * * * with * * * securities * * * conditioned * * * for the faithful performance of all duties incumbent upon him. ’ ’ Sections 8561 (6225), 8593 (6255), 8594 (6256), Comp. Gen. Laws, 1927.
 

 Duties of the superintendent of the State prison in the execution of death sentences by electrocution, are contained in Chapter 9369, Acts of 1923, Sections 8428 (6123)
 
 et seq.,
 
 Comp. Gen. Laws, 1927.
 

 It is enacted that “the sentence of death shall not be executed * * * until a warrant shall be issued by the Governor under the seal of the state * * fixing therein some designated week beginning with Monday, in which week such sentence shall be executed pursuant to such warrant and according to the manner and means herein provided.” “Punishment of death shall in all cases be inflicted by causing to pass through the body of the convict a current of electricity of sufficient intensity to cause immediately death, and the application of such current must be continued until such convict is dead, and the
 
 *1212
 
 sentence of death shall at the time directed in the' warrant, be executed within the walls of permanent death chamber, ’ ’ and “the superintendent of the state prison, or in the case of his death, disability or absence, deputy shall be executioner.” The sentence of death shall be carried out on some week day of the week fixed by the Governor as the week of execution, the time of carrying out such sentence to be decided by the superintendent of the State prison or his deputy in his absence, death or disability. All executions shall be carried out by the executioner, deputy executioner and such deputies, electricians and assistants as he may require.” “After punishment of death has been inflicted
 
 * *
 
 # in obedience to the warrant of the Governor, the officer in charge of such execution shall return the warrant as soon as may be with a statement under his hand of his doings herein, to the Governor.” Sections 8428 (6123), 8429 (6124), 8430 (6125), 8431 (6126), Comp. Gen. Laws, 1927, Chapter 9169, Acts of 1923.
 

 The judicial judgment of capital punishment adjudges guilt “of murder in the first degree,” and imposes the death sentence by electrocution to be carried into execution by the Superintendent of the State prison, or one of his authorized deputies, under a warrant of the Governor.
 

 The executive warrant or commission under the Great Seal of the State, attested by the Secretary of State, commands the Superintendent of the State Prison to “cause the execution of said sentence of our said court.” “Such execution shall be carried out by you and such deputies, electricians and assistants as you may require” “at an hour on a week day, to be decided by the said Superintendent of the State Prison, in the week beginning with Monday the 9th day of June” 1930, “within the permanent death chamber of said State Prison. ’ ’
 

 There being no regulation of the subject contained in the constitution, it is within the province of the lawmaking
 
 *1213
 
 department to provide. the method, the means and the instrumentalities for executing death sentences imposed by the courts pursuant to the law.
 

 Prior to the Act of 1923, substituting'electrocution for hanging, the executioner of the death penalty had under the statutes been the sheriff of the county, who is a county officer; but the constitution does not regulate the matter, therefore a statute may designate the person who shall execute a valid death sentence. The duty of executing a death sentence may be conferred upon any person who is designated by statute, and the designation may be by reference to those who render service to the State in a public or quasi-public capacity; and if the person who is to be executioner is definitely ascertained by the statutory designations, it is not essential that such person shall be an officer who is required by Section 27, Article III of the constitution to be “elected by the people or appointed by the Governor.” The executive warrant issued under the statute directing J. S. Blitch, the Superintendent of the State prison or a deputy to execute the judicial judgment and sentence to death by electrocution as provided by law, is a sufficient appointment by the Governor of the person named to perform the function of execution under the statute, even if an appointment is essential to the exercise of the statutory duty to execute a death-sentence.
 

 The Superintendent of the State prison is, pursuant to statute, chosen by a constitutional board of State officers to perform duties that are outlined by statute. The statutory duties required to be performed by the Superintendent of the State prison in the execution of the death penalty in cases of capital punishment, are specific and mandatory, involving no official discretion or individual judgment, but are performed under a judicial order and an executive
 
 *1214
 
 command; and the mere fact that such Superintendent was not elected by the people or; initially appointed by the Governor as an officer, does not render the judicial sentence and executive warrant for electrocution, void or make the statutory provisions imposing the duties of executioner upon the Superintendent of the State Prison or a deputy void, or render his acts under the statute, the sentence and warrant, illegal, so as to entitle one duly sentenced to capital punishment by electrocution, to a discharge from the death sentence in
 
 Jmbeas corpus
 
 proceedings brought by the person so sentenced to capital punishment. The court has inherent power to enforce its sentences in accordance with the statute and the constitution requires the Governor to take care that the laws be faithfully executed. Section 6, Article IV. The sentence of the court to electrocution for conviction of a capital offense under the statute, and the warrant of the Governor, under the Seal of the State and duly attested, commanding the Superintendent of the State Prison or a deputy to execute the judicial sentence as specifically and mandatorily required by the statute and by the executive warrant, constitute sufficient appointment, commission and authority under the constitution and laws of the State for the Superintendent or his deputy to execute the sentence and warrant. The statute authorizes the Superintendent of the State Prison to appoint deputies and make the sheriff of the county of conviction “ex officio deputy executioner” of the death sentence. The authority of a deputy is no greater than that of the principal.
 

 The statute does not create the office-of “Executioner”, but merely imposes upon the person employed as Superintendent of the State-Prison by a constitutional board having charge of the State Prison, the duty of executing a judicial death sentence by electrocution, upon warrant issued by the
 
 *1215
 
 Governor commanding such designated person or a deputy to execute the judicial judgment and sentence as specifically commanded under authority of the statute. The Superintendent of the State Prison has no independent official judgment or discretion in performing the duty of executioner assigned to him by the statute. He merely executes the judicial mandate under an executive warrant issued in each ease under the statute. The statute provides that “the sentence of death shall be carried out on some week day of the week fixed by the Governor as the week of execution, the time of carrying out such sentence to be decided by the Superintendent of the State Prison. ’ ’ The latter part of the quoted provision relates to preparation and convenience and does not involve a discretion that can be exercised only by an official who has been appointed by the Governor or elected by the people. The electrical machinery and appliances might not be in working order on a particular day and a latitude of time of execution is allowed by the statute during a named week designated by the executive warrant to meet emergencies.
 

 The death sentence having been judicially adjudged by a court of competent jurisdiction and the executive warrant for the execution of death sentence having been duly issued by the Governor commanding a designated person as the Superintendent of the State Prison (a person who has been duly selected pursuant to the Constitution and laws of the State to perform functions of a public nature), to execute the judicial sentence and executive warrant as provided by statute, such person has authority under the law to execute the sentence as commanded by the judgment of the court and the warrant of the Governor, even though he was pursuant to statute, elected as Superintendent of the State Prison by a board of constitutional State officers- including the Governor, and was not “elected by the people or appointed by the Governor. ’ ’
 

 
 *1216
 
 Under the organic and statutory provisions above quoted, the Superintendent of the State Prison is a public functionary, and the statutory provisions authorizing and requiring such Superintendent to execute death sentences that have been judicially imposed under the law, upon warrants or commissions duly issued by the Governor, do not conflict with any provisions of the Constitution or violate any right of persons who are duly sentenced to electrocution for capital offenses.
 

 The Commissioners designated by this Court under Chapter 14553, Acts of 1929, render service of a high order and of great importance to the State, but they do not exercise any governmental judgment, discretion or authority, "all their acts and doings” being "subject to the supervision and control of the court,” and no office of Commissioner is created, therefore Section 27, Article III, Constitution, is not applicable. See People v. Hayne, 83 Cal. 111, 23 Pac. R. 1, 17 Am. St. R. 211.
 

 The marshal of this Court designated and employed under Chapter 12087, Acts of 1927, has public duties to perform "under the direction of the Supreme Court or the Justices thereof,” but as he exercises no independent governmental judgment, discretion or authority, and as no office of Marshal is created, he is not required by the statute or by Section 27, Article III, Constitution, to be elected by the people or appointed by the Governor.
 

 Under the statutes of this State, the executive or administrative heads of the various State institutions are not elected by the people or appointed by the Governor. They exercise important functions of a governmental nature and report to the boards by which they were selected or employed. Many of their duties are statutory and continuous. They are selected by and function under the authority of' constitutional or statutory boards, as the Superintendent
 
 *1217
 
 of the State Prison is selected by, and functions under, the authority of a board composed of State officers created by the Constitution and given supervision of all State institutions including the State Prison.
 

 The nondiscretionary authority and duty of executing a death sentence is conferred upon the Superintendent of the State Prison by the statute, by the sentence of the court and by the warrant of the Governor, whose agent the Superintendent is, for the purpose of executing the judicial judgment and sentence. The execution of the sentence and warrant is a specific mandatory function conferred by statute and not requiring the exercise of independent official judgment, discretion or authority. The Constitution does not regulate such execution and does not require the person, so authorized and commanded, to be elected by the people or appointed by the Governor. No office of ‘ ‘ executioner ’ ’ has been created by the statute. It merely requires a particularly defined non-discretionary duty to be performed in obedience to a judicial mandate and to an executive warrant or commission duly executed and issued under the Great Seal of the State attested by the Secretary of State as required by law.
 

 The mere reference in the statute to the Superintendent of the State Prison as an officer, does not make him an officer, when no office is created and the authority and duty conferred do not require the exercise of independent official judgment, discretion and authority; but the performance of the particular duty is required by a direct specific command of competent judicial and executive authority under the sanction of the law. There can be no officer if there is no office; and section 27, Article III, Constitution, does not forbid governmental functions, not essentially official in their nature and not involving independent official judgment, discretion and authority, to be
 
 *1218
 
 conferred by statute upon persons who are not officers elected by the people or appointed by the Governor.
 

 The possibility of its abuse does not invalidate authority that is legally conferred. The Constitution does not regulate the matter, and the authority of the Superintendent of the State Prison to execute a death sentence by electrocution is specifically conferred by a legislative enactment; and the exercise of the authority in this instance is duly adjudged by a judicial sentence and specifically commanded by executive warrant under the sanction of a statute that does not appear to violate any organic provision.
 

 Capital punishment by electrocution is prescribed by statute, adjudged by the Court and carried into execution by executive warrant or commission duly issued commanding specific acts of execution as required by the statute, the three departments of the State government thus coordinating for a governmental purpose and no provision of the Constitution is thereby violated.
 

 The'final order of the circuit judge is reversed and the cause remanded with directions that the petitioner defendant in error, J. W. Buchanan, be remanded to the custody of the Superintendent of the State Prison to be by him safely kept pending the issuing of a warrant by the Governor for the execution of the said J. W. Buchanan in accordance with law.
 

 Reversed.
 

 Terrell, C. J.,- and Strum and Buford, J. J., concur.
 

 ■ Ellis, J., concurs specially.
 

 Brown, J., dissents.