**WORTH ROBERSON v. L. F. CHAPMAN,** as **Superintendent of the State Prison of Florida.**

5 So. (2nd) 407.
December 31, 1941

Zach H. Douglas and Clyde G. Trammell, for petitioner.

J. Tom Watson, Attorney General, Joseph E. Gillen, Assistant Attorney General, and Woodrow M. Melvin, Special Assistant Attorney General, for defendant.

TERRELL, J.:

This is an application for habeas corpus wherein the constitutional validity of Chapter 20520, Acts of 1941, is challenged, the ground of challenge being that it designates the first assistant engineer at the Florida State Prison as executioner to carry out the sentence of death. It is contended that the execution of the death penalty is such a governmental function

as should be performed by an officer elected by the people or appointed by the Governor, that the first assistant engineer at the Florida State Prison is not such an officer but a mere employee who cannot be clothed with such power.

The petitioner was tried and convicted of murder in the first degree and sentenced to be electrocuted. Prior to the enactment of Chapter 20520, Chapter 9169, Acts of 1923 (Section 8429, et seq., Revised General Statutes of 1927) governed the electrocution of those condemned to death. It provided that the superintendent of the State Prison or some authorized deputy of his execute the death penalty. The Act challenged makes no material change in the Act of 1923 except as to the person who executes the death penalty.

Chapter 9169, Acts of 1923, was before this Court and was thoroughly considered in Blitch v. Buchanan, 100 Fla. 1202, 131 So. 151. The identical questions raised by the petition in this case were raised in the latter case and were decided contrary to the contention of petitioner. The Court held directly that the executioner was not clothed with a governmental function, hence his duty could be performed by whom the legislature designated. I find no reason to recede from or modify the latter decision.

In this, I have not overlooked the challenge to Chapter 20520 based on Section 32 of Article III of the Constitution which provides that the repeal or amendment of any criminal statute shall not affect the prosecution or punishment of any crime committed before such repeal or amendment.

The amendment of Chapter 9169, Acts of 1923 (brought forward in Section 272, Criminal Procedure

Act) by Chapter 20520 in no way affected the prosecution of petitioner or his punishment. It merely designated a different person to execute the punishment which under the holding in Blitch v. Buchanan, supra, was not material.

At the argument on the petition, it was urged that the trial judge, the State Attorney, and the jury were now in the attitude of recommending a commutation of petitioner's sentence to life imprisonment. If such be the case, that is a matter the Pardon Board is clothed with power to consider.

The petition is denied.