**RUFFIE LUNDON v. L. F. CHAPMAN, Superintendent of The Florida State Penitentiary.**

9 So. (2nd) 723                                         En Banc
September 25, 1942

Zach H. Douglas and S. D. McGill, for petitioner.

J. Tom Watson, Attorney General, and H. T. Black, Assistant Attorney General, for defendant.

BUFORD, J.:

On consideration of the petition of Ruffie Lundon for writ of habeas corpus to prevent the execution of the judgment and sentence of the Circuit Court of Alachua County, Florida, imposing death by electrocution under the provisions of Chapter 20520 Acts of 1941, we find that paragraphs 1 and 11 of the petition challenges the constitutionality of the Legislative Act, supra, upon the identical grounds upon which the validity of the Act was challenged in the case of Worth Roberson v. L. F. Chapman, as Superintendent of the State Prison of Florida, 149 Fla. 216, 5 So. (2nd) 407.

In our opinion and judgment in that case we held the provisions of the statute, supra, valid and held that the execution of the judgment of the court under

such statute could lawfully be executed although the crime for which petitioner was convicted was committed prior to the enactment of such holding, and said:

"The petitioner was tried and convicted of murder in the first degree and sentenced to be electrocuted. Prior to the enactment of Chapter 20520, Chapter 9169, Acts of 1923, (Section 8429 et seq., Compiled General Statutes of 1927) governed the electrocution of those condemned to death. It provided that the Superintendent of the State Prison or some authorized deputy of his, execute the death penalty. The Act challenged makes no material change in the Act of 1923 except as to the person who executes the death penalty.

"(1) Chapter 9169, Acts of 1923, was before this Court and was thoroughly considered in Blitch v. Buchanan, 100 Fla. 1202, 131 So. 151. The identical questions raised by the petition in this case were raised in the latter case and were decided contrary to the contention of petitioner. The court held directly that the executioner was not clothed with a governmental function, hence his duty could be performed by whom the Legislature designated. I find no reason to recede from or modify the latter decision.

"(2) In this, I have not overlooked the challenge to Chapter 20520 based on Section 32 of Article III of the Constitution which provides that the repeal or amendment of any criminal statute shall not affect the prosecution or punishment of any crime committed before such repeal or amendment.

"The amendment of Chapter 9169, Acts of 1923 (brought forward in Section 272, Criminal Procedure Act), by Chapter 20520 in no way affected the prose-

cution of petitioner or his punishment. It merely designated a different person to execute the punishment, which under the holding in Blitch v. Buchanan, supra, was not material."

Therefore, we hold that under the allegations of the petition designated as paragraphs I and II petitioner shows that he is not entitled to the relief prayed.

Paragraphs III and IV of the petition set up no grounds which are available on habeas corpus.

The allegations contained in these paragraphs involve issues which were tried and determined on the original trial, judgment in which was affirmed by this Court in Lundon v. State, 145 Fla. 470, 199 Sou. 755.

The same questions were again presented to this Court by petition, which was denied by us on September 17, 1942, wherein it was prayed that this Court grant petitioner leave to apply to the trial court for writ of error coram nobis. That petitioner was denied because it sought to present issues which had been presented and disposed of in the original trial on the merits. Error (if errors they be) such as are complained of in paragraphs III and IV of this petition may not be reviewed in habeas corpus proceedings.

In view of the foregoing, we must hold that the petition for writ of habeas corpus is entirely without merit and should be denied.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, CHAPMAN, THOMAS and ADAMS, JJ., concur.