QUESTION:
Is the executive director of the Department of Revenue empowered, under s. 193.122(1), F.S., to validate or invalidate changes made in an assessment roll by a board of tax adjustment, or may he be so empowered by the governor and cabinet?
SUMMARY:
The executive director of the Department of Revenue does not possess the power under s. 9 of Ch. 73-172, Laws of Florida (s.193.122[1], F.S.), to invalidate changes made in the assessors' rolls by the several boards of tax adjustment, such power being vested by statute in the governor and cabinet as head of the department. In the absence of any statutory authorization therefor, the governor and cabinet, as the head of the department, may not delegate such authority to the executive director of the department.
Your question is answered in the negative.
Chapter 73-172, Laws of Florida, extensively amends and amplifies Chapters 193 and 195 of the Florida Statutes. It vests in the Department of Revenue, or in particular components thereof, numerous new supervisory functions over the assessment of ad valorem taxes. Section 9 (s. 193.122[1], F.S.), of Ch. 73-172 states:
"The board of tax adjustment shall certify each assessment roll after all hearings required by section 194.032 have been held. . . . If the board of tax adjustment makes any changes in the assessor's roll it shall forward to the department its specific and detailed findings for all changes made by the board to substantiate that the evidence presented was sufficient to overcome the assessor's presumption of correctness. The board shall reduce its finding of fact to writing in each case stating the reasons for which the assessor's determination was overturned.The department shall invalidate any change by the board if it finds the change lacks legal sufficiency or that the evidence presented was insufficient to overcome the assessor's presumption of correctness." (Emphasis supplied.)
Under the above-quoted section, the power of review over the actions of the boards of tax adjustment is vested in the Department of Revenue. Therefore, the initial inquiry must be whether that section, construed in the context of the whole of Ch. 73-172, supra, and with other applicable statutes, empowers the executive director to assume the supervisory function therein granted to the department. State v. State Racing Commission,112 So.2d 825 (Fla. 1959); In Re Opinion to the Governor, 60 So.2d 321
(Fla. 1952).
Within the language of Ch. 73-172, supra, there is some evidence that the legislature used the term "department" interchangeably with the term "executive director" for some purposes. Compare s. 7, Ch. 73-172 (s. 195.098[2], F.S.) with s. 10, Ch. 73-172 (s.193.114[6], F.S.). However, in my opinion this interchangeability of terms cannot be generalized beyond the two sections last cited. Those two sections address the allocation of power to review the assessment roll as a whole as does s. 21 of Ch. 73-172 (s.193.114[8] F.S.), which provides that the executive director shall be deemed an officer authorized by law to make rules under Part I of Ch. 120, F.S., and that the approval or disapproval of all or any part of a county roll shall be deemed a rule within the context of Part I of Ch. 120. However, s. 9(s. 193.122[1], F.S.) of Ch. 73-172 addresses the allocation of a wholly separate and distinct supervisory power — the power to review and invalidate individual changes made in an assessment roll by a board of tax adjustment after the roll as an aggregate has been approved. Nowhere does Ch. 73-172 equate the department with its executive director in connection with this latter function.
Furthermore, whenever Ch. 73-172, supra, contemplates that an individual or a unit within the Department of Revenue, rather than the department as an entity, shall exercise a particular power, the particular individual or unit is consistently specified. For example, s. 7(s. 195.097, F.S.) of Ch. 73-172 grants authority to the executive director to evaluate the assessment rolls of all counties on a postaudit review of such rolls. Section 6(s.195.087[1][a], F.S.) of Ch. 73-172 grants authority to the ad valorem tax division to review assessors' budgets. See also s. 7, Ch. 73-172(s. 195.098, F.S.); s. 10, Ch. 73-172(s. 193.114[6], F.S.); s. 21, Ch. 73-172, (s. 193.114[8]). An examination of these sections of Ch. 73-172 therefore indicates that the word department as it is used in s. 9 of the act is intended to refer not to the executive director of the department nor to any specific sub-unit thereof, but to the department as a legal entity, and to the governor and cabinet as the head of the department in charge thereof. See ss. 20.03(2), (4), and (6),20.05, and 20.21, F.S.
This conclusion is further buttressed by a comparison of other statutes which are in pari materia with Ch. 73-172, supra. Sections 20.03, 20.05, and 20.21, F.S., are in pari materia since they deal with the head of the Department of Revenue, its powers, duties, and functions, and the executive director of the department. See Singleton v. Larson, 46 So.2d 186 (Fla. 1950). Section 20.21 provides that the head of the Department of Revenue is the governor and the cabinet. Section 20.05 provides that the head of the department shall direct and execute the powers, duties, and functions vested in the department or vested in any bureau or division thereof. Section 20.05(7) provides for the employment of an executive director by the head of the department to serve at its pleasure. Section 20.03(6) defines the executive director to mean the chief administrative employee or officer of a department headed by a board or by the governor and cabinet. Nothing in Ch. 73-172 indicates that the term department is used in any manner inconsistent with the terms and definitions of ss.20.03, 20.05, and 20.21, and nowhere in Ch. 73-172 is any duty, power, or function to review or invalidate changes in assessment rolls made by the several boards of tax adjustment prescribed for the executive director. It is therefore my opinion that, absent legislative clarification, s. 9 of Ch. 73-172 (s. 193.122[1], F. S.) vests the power to invalidate actions of the boards of tax adjustment in the governor and cabinet, as the head of the department, and not in the executive director of the department.
The question then remains as to whether the governor and cabinet as the head of the department may delegate all or any portion of that authority to the executive director.
Decisional law on the subject seems to prohibit any delegation by the department head to the executive director of the authority to invalidate changes made in the assessors' rolls by the boards of tax adjustment or to pass upon the legal sufficiency of any such changes. Where the propriety of delegation is concerned, the cases draw a clear distinction between ministerial duties and discretionary functions. Blitch v. Buchanan, 131 So. 151 (Fla. 1930). Purely ministerial duties, not involving the exercise of discretion or authority, may be delegated to a public functionary or employee of an agency. Blitch v. Buchanan, supra. But, where duties involve the exercise of independent official judgment, discretion, or authority, delegation is prohibited. See, State v. Inter-American Center Authority, 84 So.2d 9 (Fla. 1955); Florida Dry Cleaning Laundry Bd. v. Cash Carry Cleaners, Inc.,197 So. 550 (Fla. 1940); AGO 073-380; 67 C.J.S. Officers s. 114; 81 C.J.S. States s. 59. Cf. AGO's 068-6 and 068-44.
The review of changes made in county assessment rolls by the several boards of tax adjustment, the determination of legal sufficiency of evidence presented to the boards, and the invalidation of any such changes involves the exercise of independent judgment and discretion, and therefore such acts are not ministerial.
In the absence of any statutory authority therefor, and upon consideration of the aforementioned authorities, I conclude that the governor and cabinet, as the head of the Department of Revenue, may not delegate to the executive director of the department the authority or duty to review and invalidate changes made in an assessment roll by a board of tax adjustment.