Mr. Fred W. Baggett Attorney for the Florida Association of Court Clerks Post Office Drawer 1838 Tallahassee, Florida 32302
Dear Mr. Baggett:
You ask on behalf of The Honorable Danny L. Kolhage, Clerk of the Circuit Court, Monroe County, and the Association of Court Clerks substantially the following questions:
 (1) May the circuit court clerk acting as county auditor accept and pay claims for payment due on contracts or leases executed by the county administrator with delegated authority from the board of county commissioners?
 (2) If so, may the circuit court clerk acting as county auditor accept and pay claims for payment due on contracts or leases executed by the assistant county administrator with delegated authority from the county administrator?
In sum, I am of the following opinion:
 (1) The circuit court clerk acting as county auditor may accept and pay claims for payments on contracts or leases executed by a county administrator in the event the clerk determines the administrator has the authority to execute contracts or leases on behalf of the county commission.
 (2) The clerk of the circuit court may also accept and pay claims for payment due on contracts or leases executed by the assistant county administrator in the event the clerk determines the assistant administrator has the authority to execute contracts or leases on behalf of the county commission.
Section 16, Art. V, State Const., provides that the clerk of the circuit court in each county shall also serve as "ex officio clerk of the board of county commissioners, auditor, recorder, and custodian of all county funds." As the ex officio auditor of county funds, the clerk has the authority to refuse to sign and deliver county warrants for payment of an illegal contract.[1]
Moreover, s. 129.09, F.S., forbids the clerk acting as the county auditor from signing illegal warrants and provides both personal and criminal liability for violating its provisions.[2]
In AGO 70-134, this office addressed the clerk's duty and responsibility as ex officio auditor of the county's expenditures as follows:
 The auditing function of the clerk includes more than the arithmetical determination as to the amount of the claim being presented for payment and the clerk has a duty to determine the legality of an expenditure before dispensing public funds. When an examination by the clerk as auditor of a particular claim presented for payment leads him to believe that the expenditure is not authorized by law, or is otherwise illegal, the action by the clerk is in accord with the apparent purpose of the constitutional provision, making the clerk of the circuit court ex officio auditor of the county, which is to provide a check and balance system that insures proper expenditure of public funds.
Thus, it is clearly within the duty and responsibility of the circuit court clerk acting as county auditor to make a determination of the legality of the claims which are presented for payment by the clerk as custodian of the county funds in order to pay only those obligations which are proper expenditures of public funds.[3]
While the determination of the legality of any given claim is one for the clerk and cannot be delegated to this office, I make the following general observations.
Part III, Ch. 125, F.S., the "County Administration Law of 1974" provides a form of county administration for those non-charter counties adopting its terms.[4] I note that Monroe County has not elected to become a charter county.[5] Under the law,
 [e]ach county to which this part applies shall appoint a county administrator, who shall be the administrative head of the county and shall be responsible for the administration of all departments of the county government which the board of county commissioners has authority to control pursuant to this act, the general laws of Florida, or other applicable legislation.[6]
Section 125.74(1), F.S., enumerates specific powers and duties which the county administrator possesses, including the power to "[n]egotiate leases, contracts, and other agreements, including consultant services, for the county, subject to approval of the board, and make recommendations concerning the nature and location of county improvements."[7] (e.s.) While the enumeration of the powers and duties granted the county administrator is stated to be no limitation on the administrator's administrative powers, the Legislature has stated its intent to
 grant to the county administrator only those powers and duties which are administrative or ministerial in nature and not to delegate any governmental power imbued in the board of county commissioners as the governing body of the county pursuant to s. 1(e), Art. VIII of the State Constitution. To that end, the above specifically enumerated powers are to be construed as administrative in nature, and in any exercise of governmental power the administrator shall only be performing the duty of advising the board of county commissioners in its role as the policy-setting governing body of the county.[8]
(e.s.)
This office has previously recognized the general rule that a public officer cannot delegate his or her discretionary powers, except as prescribed by statute.[9] Thus, in determining whether a delegation of authority is proper, a distinction between ministerial duties and discretionary functions must be made.[10]
Those duties which do not involve the exercise of an independent governmental discretion, judgment or authority are considered ministerial and may be delegated.[11] By contrast, those duties involving the exercise of independent judgment and discretion may not be delegated, absent statutory authority.[12]
It appears that the authority to execute contracts which obligate the county involves the exercise of independent discretion and judgment which may not be delegated absent statutory authority. I have not found, nor have you brought to my attention, any statutory authority which would allow a county administrator to be delegated discretionary powers held by the board of county commissioners. On the contrary, as noted above, the Legislature has specifically provided that the county administrator's powers are limited to administrative or ministerial duties.[13]
In the absence of any statutory authority therefor, I am unable to conclude that the power to execute contracts on behalf of the county commission may be delegated to a county administrator. Ultimately, however, whether a claim for payment is valid is a determination which must be made by the clerk of the circuit court acting as county auditor.
The above discussion and conclusion make it unnecessary to address your second question.
Sincerely,
Robert A. Butterworth Attorney General
[1] Mayes Printing Company v. Flowers, 154 So.2d 859 (1 D.C.A.Fla., 1963). And see, Alachua County v. Powers,351 So.2d 32, 36 (Fla. 1977) (clerk forbidden to sign illegal warrants).
[2] See, s. 129.09, F.S., providing:
 Any clerk of the circuit court, acting as county auditor, who shall sign any warrant for the payment of any claim or bill or indebtedness against any county funds in excess of the expenditure allowed by law, or county ordinance, or to pay any illegal charge against the county, or to pay any claim against the county not authorized by law, or county ordinance, shall be personally liable for such amount, and if he shall sign such warrant willfully and knowingly he shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
[3] See, Alachua County v. Powers, supra at 37 (clerk of the circuit court has the authority and responsibility to perform the auditing functions both as the arm of the board of county commissioners and as the watchdog of the board in the case of pre-auditing accounts of the board in determining the legality of expenditures).
[4] See, s. 125.72, F.S., stating "[t]he provisions of this part may apply to any county in this state which has not adopted a charter form of county government upon passage of a county ordinance by the governing body of such county expressly adopting this part."
[5] See, The Florida Handbook 1987-1988 (21st ed.), p. 240.
[6] Section 125.73(1), F.S.
[7] Section 125.74(1)(m), F.S.
[8] Section 125.74(2), F.S.
[9] See, AGO 74-116, citing 67 C.J.S. Officers s. 104 [now numbered 194]. See also, State v. Inter-American Center Authority,84 So.2d 9 (Fla. 1955), recognizing that in the absence of statutory authority, a public officer cannot delegate his or her powers, even with the approval of the court.
[10] See, Blitch v. Buchanan, 131 So. 151 (Fla. 1930).
[11] Id. at 154.
[12] See, State v. Inter-American Center Authority, supra at footnote 9.
[13] See, s. 125.74(2), F.S.