Dear Secretary McDonough:
As Secretary of the Department of Corrections, you ask substantially the following question:
Does the Department of Corrections have the authority to transfer funds generated by local correctional institution employee clubs to the direct-support organization of the department?
You have advised this office that local employee clubs have been established at correctional institutions throughout the state to raise funds for employee activities. You acknowledge that there is no specific statutory authority for the establishment of such clubs. You state that the Department of Corrections (department) "has tasked the clubs with responsibility of administration of the employee benefit trust fund created by ss. 945.215 and945.21501, F.S." According to your letter, the employee clubs have generated funds through various fund-raising activities besides vending services and donations, some of which have involved the use of inmate labor to "perform personal services for staff members such as barbering and shoeshine services and operation of club restaurants, as well as sales of items such as t-shirts."
You state that it is your intention to transfer all funds in local institution club accounts to the department's direct-support organization established pursuant to section944.802, Florida Statutes, with 25 percent of the funds to be transferred immediately to provide for current employee morale needs and the remaining funds to be transferred within 45 days. You further indicate that you have approved a department committee's decision to eliminate all state sponsorship of employee clubs and associated activities and to utilize the direct-support organization to coordinate and fund all employee benefit activities. You state that the decision was based on a need for central oversight, accountability, and fairness in employee morale benefits.
Section 945.21501(1), Florida Statutes, creates the Employee Benefit Trust Fund in the Department of Corrections for the purpose of constructing, operating, and maintaining training and recreational facilities at correctional institutions for the exclusive use of department employees. Moneys shall be deposited in the trust fund as provided in s. 945.215.[1] Section945.215(3)(a), Florida Statutes, provides that trust fund sources may be derived from any of the following:
"1. Proceeds of vending machines or other such services not intended for use by inmates.
2. Donations, except donations by, or on behalf of, an individual inmate.
3. Additional trust funds and grants which may become available."
Funds from the Employee Benefit Trust Fund may be used to construct, operate, and maintain training and recreation facilities at correctional facilities for the exclusive use of department employees.[2]
This office has concerns regarding the multiple accounts and fund-raising activities of these local institution employee clubs. As you acknowledge in your letter, sections 945.215 and945.21501, Florida Statutes, provide for only one trust fund, not separate funds at individual institutions. There is no mention in the statutes of local trust funds. This office is not aware of any statutory provision authorizing the department, or an institution under the control of the department, to establish institution employee clubs and to direct the funds of those clubs. Moreover, it is unclear under what authority clubs use inmate labor to raise funds for correctional employees benefit programs.
As a statutorily created administrative agency, the department possesses only such authority as is expressly given or by necessary implication conferred by law.[3] While this office cannot, in the absence of legislative direction, supply the manner for the distribution of funds that remain in these local accounts, it would suggest that as it appears that these funds were generated for the employee benefit trust fund, albeit through multiple accounts, the club funds should be treated as funds within the Employee Benefit Trust Fund established by sections 945.215 and 945.21501, Florida Statutes.
Accordingly, in the absence of legislative or judicial clarification, I am of the view that such funds should be placed in the single Employee Benefit Trust Fund. As to whether the department may transfer control of these funds to the direct-support organization of the department, this office is unaware of any statutory provision authorizing the direct-support organization to control a state trust fund. Section 944.802, Florida Statutes, authorizes the creation of a nonprofit corporation
"Organized and operated to conduct programs and activities; initiate developmental projects; raise funds; request and receive grants, gifts, and bequests of moneys; acquire, receive, hold, invest, and administer, in its own name, securities, funds, objects of value, or other property, real or personal; and make expenditures to or for the direct or indirect benefit of the Department of Corrections or individual units of the state correctional system. . . ."[4]
Pursuant to section 944.802(2)(a), Florida Statutes, the Department of Corrections may permit, without charge, appropriate use of fixed property and facilities of the state correctional system by a direct-support organization subject to the provisions in this section. While the direct-support organization may use the fixed property and facilities of the department and may hold property and raise funds in its own name, nothing in the statute authorizes the department to transfer funds from a state trust fund, or to transfer control of such a state trust fund, to a direct-support organization. Rather, the Legislature has vested the authority to make the decisions regarding the control and disbursement of funds within the Employee Benefit Trust Fund to the department.[5]
Accordingly, I am of the opinion that as these funds were generated for the employee benefit trust fund, albeit through multiple accounts, the club funds should be treated as funds within the Employee Benefit Trust Fund established by sections945.215 and 945.21501, Florida Statutes, and thus placed in the single Employee Benefit Trust Fund located within the department. While the legislation providing for the creation of the direct-support organization provides that the organization may use the fixed property and facilities of the department, and may hold property and raise funds in its own name, it does not authorize the department to transfer funds from a state trust fund, or to transfer control of such a state trust fund, to a direct-support organization. Thus, the Legislature has vested the authority to make the decisions regarding the control and disbursement of funds within the Employee Benefit Trust Fund to the department.
Sincerely,
Charlie Crist Attorney General
CC/tall
[1] Section 945.21501(2), Fla. Stat., provides that "[n]otwithstanding the provisions of s. 216.301 and pursuant to s. 216.351, any balance in the trust fund at the end of any fiscal year shall remain in the trust fund at the end of the year and shall be available for carrying out the purposes of the trust fund."
[2] Section 945.215(3)(b), Fla. Stat., which also provides that such facilities are the property of the department and must provide the maximum benefit to all interested employees, regardless of gender.
[3] See, e.g., Ops. Att'y Gen. Fla. 86-46 (1986) and 85-65 (1985). And see Lee v. Division of Florida Land Sales andCondominiums, 474 So. 2d 282 (Fla. 5th DCA, 1985) (an administrative agency has only such power as expressly or by necessary implication is granted by legislative enactment; it may not increase its own jurisdiction and, as a creature of statute, has no common law jurisdiction or inherent power).
[4] Section 944.802(1)(b), Fla. Stat.
[5] This office has previously recognized the general proposition that a public officer or agency may not delegate its discretionary powers, except as prescribed by statute. Those duties which do not involve the exercise of an independent governmental discretion, judgment or authority are considered ministerial and may be delegated while those duties involving the exercise of independent judgment and discretion may not be delegated, absent statutory authority. See, e.g., Op. Att'y Gen. Fla. 88-61 (1988), citing Op. Att'y Gen. Fla. 74-116 (1974). See also, State v. Inter-American Center Authority,84 So. 2d 9 (Fla. 1955); Blitch v. Buchanan, 131 So. 151 (Fla. 1930).