Ellis, J.
 

 A rehearing was granted in this case upon petition by Buchanan. The petitioner contends that as he was serving a life sentence on conviction for murder when he was convicted on October 8, 1927, for the murder of Mobray on December 9, 1926, and sentenced to death the latter sentence was void because having been convicted of a felony 'when he was put upon trial for the murder of Mobray he should have been dealt with in the second prosecution as a second offender as required by the provisions of Section 7108, Comp. Gen. Laws, 1927, which, according to the petitioner, authorizes 'imprisonment for a second conviction of felony but prohibits a sentence of death for the second felony. -
 
 ?
 

 It is also contended by the petitioner that his conviction on March 21, 1927, for the mujder of Brandt on December 9, 1926, and his conviction on October 8, 1927, for the murder of Mobray on the same day that he killed Brandt, viz: on December 9, 1926, were for the same offense and that the two sentences are ineqnsistent in operation and are of equal legal dignity and .effect. ■ The first sentence was a life sentence and the second was a death sentence. The first being validly imposed the second cannot interfere with its operation so it is the duty of the executive department to enforce the first sentence; that the term of the court at which the first judgment of conviction was rendered having expired the second judgment of conviction at a subsequent term could not have the effect .of setting aside the first
 
 *1244
 
 judgment; that there is no lawful power in any official of the State to ignore the first judgment and give effect to a subsequent judgment affecting the same subject matter and rendered by the same court.
 

 It is also contended that the two homicides on which separate judgments of conviction were rendered came out of the same affray and out of one common design as one continuous action in the prosecution and defense of each of which substantially the same evidence was produced showing the same elements of guilt and self defense so that the two trials were for one and the same offense and thereby the petitioner was twice placed in jeopardy for the same offense.
 

 Following the first hearing of this phase of the Buchanan case there were two opinions rendered, one by Mr. Justice Whitfield, which was concurred in by Mr. Chief Justice Terrell and Justices Strum and Buford. The writer of this opinion concurred specially in a separate opinion and Mr. Justice Brown dissented. In the opinion prepared by the writer after the first hearing the questions raised by the petition for a rehearing were discussed and views therein contained concurred in by the other members of the Court.
 

 The views expressed were that the judgment of the court in the second prosecution and the imposition of the death sentence was not a suspension of the life sentence first imposed but a super-imposing upon it of a greater and more serious penalty for a different crime of which the petitioner stood convicted and that the point raised that the second conviction was void because the two homicides came out of the same affray and constituted one offense so that the second trial of petitioner on the indictment charging him with the murder of Mobray was in reality a sec
 
 *1245
 
 ond trial for the same offense, ¡putting him twice in jeopardy for the same crime, was likewise without merit.
 

 In the petition for a rehearing the contention seems to be made that a prisoner under sentence has a right to serve out his term. He has no such right. Convicts, like other persons, are under the protection of the law and are amenable to its penalties. A convict’s term of sentence may be curtailed by legislation or by executive pardon or he may be discharged by the courts or. turned loose by the prison officials without violating any of his legal rights. Such are the views expressed by the appellate court of New York in Thomas v. People, 67 N. Y. 218, and quoted with approval in the opinion of the writer concurred in by the other members of the Court on this point. See also 8 R. C. L. 123.
 

 Even under the early English practice the plea of
 
 autrefois attaint
 
 was not a bar to a second prosecution of another felony of the same grade where there was in the second prosecution any advantage to public justice as where the punishment was more severe. See 8 R. C. L.,
 
 supra;
 
 Singleton v. State, 71 Miss. 782, 16 So. R. 295, 42 A. S. R. 488.
 

 The rule is that upon a conviction of one on several indictments for similar but distinct offenses the defendant may upon each conviction be sentenced to the extent of the law applicable. Mims v. State, 26 Minn. 498, 5 N.
 
 W.
 
 R. 374; McCormick’s Petition, 24 Wis. 492.
 

 It is not a case of cumulative sentences. Section 7106 Comp. Gen. Laws 1927 is not at all applicable. That section prescribes punishment for second or habitual offenders and applies to felonies where the offender on the first conviction would be punishable by imprisonment for any term less than his natural life. On a second conviction he must be sentenced to imprisonment for a term not
 
 *1246
 
 less than the longest term nor more than twice the longest term prescribed upon a first conviction.
 

 The section applies in cases where the accused after having been convicted of a felony commits another felony. In such case the punishment on conviction of the second offense is limited by the term of imprisonment prescribed upon the first conviction. Section 7108 Comp. Gen. Laws merely prescribes the procedure upon discovering that the second conviction was for a felony committed after a former conviction of a similar crime. In the case at bar, Buchanan did not commit the felony of which he was convicted on the second indictment after he had been convicted on the first indictment tried. His case is in no wise controlled. by the two sections of the Compiled General Laws or either of them.
 

 If after having been convicted of a felony he had been sentenced to a term of five years for example and then had committed another felony he would upon a conviction of the second offense have been subject' to punishment by imprisonment for not less than five years nor more than ten for the second offense. The purpose of the statute was to prescribe increasing penalties for the commission of second offenses. While Buchanan committed two separate and distinct offenses, neither was committed after he had been convicted of the other. So while he was sentenced to life imprisonment for the commission of one offense he was sentenced to death for the commission of the other.
 

 If Buchanan had killed Mobray after having been convicted of the murder of Brandt arid sentenced to life imprisonment the statute referred to would not have been applicable to his conviction of the murder of Mobray because the sentence for the conviction of the murder of Brandt was for the term of Buchanan’s natural life and
 
 *1247
 
 to apply the statute in such case would be to destroy rather than promote its purpose.
 

 The petitioner has no legal right to serve the life sentence for the murder of Brandt. By the commission of the crime of murder upon Mobray he made himself liable to the penalty prescribed for • murder which in no wise was affected by the sentence previously imposed for the murder of Brandt.
 

 The Court is of the opinion that no constitutional question is involved that was not settled by the first decision and the ingenious and able'arbument of counsel has not convinced the Court that any merit exists in the proposition that to enforce the latter sentence is in any wise a suspension of the former.
 

 So the Court adheres to its first conclusion and reaffirms the judgment rendered.
 

 Strum, C. J., and Whitfield, Terrell and Buford, J. J., concur.
 

 Brown, J., concurs in part and dissents in part.