J. W. BUCHANAN, *Plaintiff in Error,* v. L. F. CHAPMAN, as Superintendent of The Florida State Prison, *Defendant in Error.*

146 So. 585.

En Banc.

Opinion filed February 14, 1933.

Rehearing denied March 6, 1933.

*Sears, Sears & Brown, W. C. Hodges* and *Claude Pepper,* for Plaintiff in Error;

*Cary D. Landis, Attorney General,* and *H. E. Carter, Assistant,* for Defendant in Error.

BUFORD, J.—Plaintiff in error took writ of error to a judgment of the Circuit Court in habeas corpus proceedings remanding him to the custody of the Superintendent of the State Prison for execution of the death sentence.

In this proceeding the plaintiff in error contested the validity of the provisions of Chapter 9169, Laws of Fla. Acts of 1923, being Sections 8428, 8429 and 8430 C. G. L. He also questioned the validity of the judgment wherein he was convicted of murder in the first degree and sentenced to be executed. See Buchanan v. State, 95 Fla. 301, 116 So. 275, Buchanan v. State, 97 Fla. 1059, 122 Sou. 704.

The validity of the legislative act above referred to was considered by this Court in the case of Blitch v. Buchanan, 100 Fla. 1202, 131 Sou. 151 and 100 Fla. 1242, 132 Sou. 474.

It is contended here that Chapter 9169, Acts of 1923, and the corresponding sections of Compiled General Laws conflict with the organic law. The particular provisions of the statute complained of are contained in Section 3 of the Legislative Act and Section 8430 C. G. L. The principal contention advanced here is that the provisions of Section

8430 are so vague and indefinite that it is impossible to determine upon whom the duty devolves to perform that physical act which carries the sentence of death into execution. The section reads in part as follows:

The Superintendent of the State Prison or some authorized deputy by him to be designated shall be present at the execution, and for the purpose of executing sentences of death as provided by law, the sheriff of the county wherein the conviction was had shall be ex-officio deputy executioner of such sentence of death and shall be present at the execution unless he be prevented by sickness or other disability. Not less than five days prior to the week of execution, the person sentenced to death shall be kept securely in or adjacent to the permanent death chamber, and the sentence of death shall be carried out on some week day of the week fixed by the Governor as the week of execution the time of carrying out such sentence to be decided by the Superintendent of the State Prison, or his deputy in his absence, death, or disability. All executions shall be carried out by the executioner, deputy executioner and such deputies, electricians and assistants as he may require to be present to assist, and shall be in the presence of a jury, of twelve respectable citizens who shall be requested to be present and witness the same," etc., etc.

It is the contention of plaintiff in error that this provision of the statute authorizes the physical act of execution to be accomplished by any person whom the superintendent of the State Prison may see fit to name as his deputy for that purpose.

The return of the superintendent in this regard is as follows:

"That this Respondent as Superintendent of the State Prison of the State of Florida will in person during the

week beginning with Monday, the 25th day of July, A. D. 1932, within the permanent death chamber of said State Prison in the County of Union and State of Florida, agreeable to Chapter 9169, Laws of Florida, Acts of 1923, execute the said warrant, a copy of which is attached as Exhibit 'A' hereto, by causing a current of electricity to pass through the body of said J. W. Buchanan of sufficient intensity to cause immediate death as required by said warrant and by said Chapter 9169, Laws of Florida, Acts of 1923."

We think this return is sufficient to show that the death sentence was intended to be carried out by the Superintendent in the manner provided by law by the Superintendent performing the physical acts necessary to accomplish the same and it may be that it is not necessary to the disposition of this case that we go further than to say that the return is a sufficient answer to the writ and is sufficient to warrant the order remanding the plaintiff in error to custody for execution of the death sentence. But, the question is presented and we may properly determine here whether or not the Superintendent of the State Prison is authorized to appoint any person his deputy for the purpose of conducting the execution. We think such a provision would be invalid and, therefore, we do not hold the statute to attempt to authorize such course.

The statute provides that the Superintendent of the State Prison, and in case of his death, disability or absence, a deputy, shall be executioner. It further provides that the sheriff of the county wherein the conviction was had shall be the ex-officio deputy executioner. Therefore, every sheriff in the State is a deputy executioner; and any executive duty which may be performed by a sheriff may be performed in his name and stead by his duly authorized deputy.

Sec. 2881 R. G. S., 4578 C. G. L., and authorities annotated thereunder.

In Blitch v. Buchanan, 100 Fla. 1202, 131 Sou. 151, we said:

"Chapter 9169, Acts of 1923, does not create the office of 'Executioner' but merely imposes upon the person employed as Superintendent of the State Prison by a constitutional board having charge of the State Prison, the duty of executing a judicial death sentence by electrocution, upon warrant issued by the Governor commanding such designated person or a deputy to execute the judicial judgment and sentence as specifically commended under authority of the statute.

"The Superintendent of the State Prison has no independent official judgment or discretion in performing the duty of executioner assigned to him by the statute. He merely executes the judicial mandate under an executive warrant issued in each case under the statute.

"The Superintendent of the State Prison is a public functionary, and the statutory provisions authorizing and requiring such Superintendent to execute death sentences that have been judicially imposed under the law, upon warrants of commissions duly issued by the Governor, do not conflict with any provisions of the Constitution or violate any right of persons who are duly sentenced to electrocution for capital offenses.

"The Constitution does not regulate the matter, and the authority of the Supeirntendent of the State Prison to execute a death sentence by electrocution in specifically conferred by a Legislative Enactment; and the exercise of the authority in this instance is duly adjudged by a judicial sentence and specifically commanded by executive warrant

under the sanction of a statute that does not violate any organic provision."

We now hold that the duty under the provision of the statutes above referred to to execute the death sentence devolves upon the Superintendent of the State Prison, if he is present and not disabled; but, in the case of his absence, death or disability the judgment may be executed by the sheriff of the county where the conviction was had or by such sheriff's deputy in the absence of the sheriff. That part of the statute providing, "The Superintendent of the State Prison or some authorized deputy by him to be designated" is construed to mean a deputy authorized under the statute, which deputy is either the sheriff of the county where the conviction occurred or his authorized deputy. The statute does not authorize the Superintendent of the State Prison to appoint some other person other than those designated in the statute as his deputy for the purpose of executing the death sentence.

The statute appears to contemplate that in the event of absence or disability of the Superintendent of the State Prison he shall designate the statutory deputy to proceed with the execution so that there may be no conflict or confusion about the matter. The sheriff of the county of conviction is the statutory deputy executioner.

The other contention made, that the judgment of the Circuit Court of Taylor County is invalid because of the provision therein as follows:

"And that at the time so designated the said Superintendent of the State Prison, or one of his authorized deputies, shall cause to pass through your body a current of electricity of sufficient intensity to cause your immediate death, and shall continue the application of such current until you are dead'"

is not tenable. We construe the language "Or one of his authorized deputies" to mean just what we construe the statute to mean; that is, a deputy executioner within the purview of the statute; that is to say: The sheriff of the county where the conviction was had, or one of his authorized deputies.

The judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, and TERRELL, J. J., and JOHNSON, Circuit Judge, concur.

. DAVIS, C. J., disqualified.

BROWN, J., dissents.

BROWN, J., dissenting.—On a former habeas corpus proceeding sued out by this same petitioner, the writer felt compelled to dissent from the views of his associates on the main question then presented, because in his opinion Chapter 9169 (Sections 8424-8431 C. G. L.) conflicted with Section 27 of Art. III of the Constitution, in that it invested the Superintendent of the State Prison with the powers and funcions of an officer, without providing for his election by the people or appointment by the Governor. That question was settled by the majority of the Court, in the decision cited in the foregoing opinion, both on the original hearing and on rehearing, adversely to the contention of the petitioner, and to the opinion of the writer (100 Fla. 1242, 1247; 132 So. 474, 476) and is not presented by the petitioner in the instant case. But the writer has not yet been able to change his views on the question formerly presented. However, this case merely involves the construc- · tion of the intent and effect of the statute, and the sentence of the Court, in certain particulars. Again, I regret to say,.

I am not able to fully concur in the present opinion as written. I can agree to the view that the statute (Section 8430 C. G. L.) makes the Superintendent of the State Prison the executioner, and the sheriff of the county in which the conviction was had the deputy executioner, but to my mind the statute does not make it clear that in the absence, death or disability of the Superintendent of the Prison either the *Sheriff* or his deputy shall perform the execution. It is nowhere plainly stated by the statute, nor necessarily and clearly implied by the language used, as I read it, that the sheriff shall in any case personally perform the execution, much less his deputy. As, with reference to the subject matter of Section 8430, the sheriff is himself a deputy, has he any authority to appoint a deputy to act in his place in the particular matter dealt with by this particular statute? I seriously doubt that he has such authority. This Court has held that a deputy sheriff cannot himself appoint a deputy. Guarantee Trust Co. v. Buddington, 23 Fla. 514, 2 So. 885. Why then can a deputy executioner appoint a deputy? The statute says the sheriff "Shall be present at the execution unless he is prevented by sickness or other disability." It does not say that if he is prevented from being present by sickness or other disability, his place can be supplied by a deputy sheriff. No provision is made for this. Can the general provisions of Section 4578 C. G. L. supply this omission in a statute such as this, dealing with a particular mattter, of great delicacy and solemn importance? I do not think so. Again, the statute says that: "All executions shall be carried out by the executioner, deputy executioner and such deputies, electricians and assistants as he may require to be present to assist," etc. It will be noticed that the disjunctive, "or," is not used, after the word "executioner," thus indicating that the executioner,

the prison superintendent, must perform all executions, with only the *assistance* of the others named.

Therefore that portion of the sentence of the Court which says, "Or one of his authorized deputies," is not supported by the statute, and should be disregarded as surplusage.

For these reasons I must dissent.