MATHEWS,' Justice.
The petitioner has been convicted of murder in the first degree. Op appeal this Court affirmed the lower court and. on petition for rehearing denied same and adhered to its first opinion, Fla., 65-So.2d 77. After an unsuccessful appeal to the Supreme Court of the United States, 346 U.S. 932, 74 S.Ct. 376, on appeal by the petitioner, the Pardon, Board refused to grant clemency. Since that time three death warrants have been issued. The last on September 25, 1954. The prisoner is now held in the 'death chamber at Raiford, -Florida. On petition for habeas corpus, petitioner alleges that he is illegally held and detained in the death chamber.
We have carefully examined the death warrant and it is in strict conformity with the requirements of the law... Petitioner is to be executed under the provisions of Section 922.11, F.S., F.S.A., which is as follows :
' “The superintendent of the-state prison or some authorized deputy by him to be designated shall be present at the execution, and for the purpose of executing sentences of death as provided by law, the first assistant engineer at the Florida state prison is hereby designated as the executioner, whose duty it shall be to execute cmd carry out the sentence of death by operating the switch or other mechanism necessary to send the electric current through the body of the .condemned person. Not less than five days prior to the week of execution, the person sentenced to death shall be kept securely in or adjacent to the permanent death chamber, and the sentence of death shall be carried out on some week day of the week' fixed by the governor as the week of execution, the time of carrying out such sentence to be decided by the superintendent of the state prison, or his deputy in his absence, death or disability.
“All executions shall be carried out by the executioner, deputy executioner and such 'deputies, electricians and assistants as he may require to be present to assist, and shall be in the presence of a jury of twelve respectable citizens who shall be requested to be present and witness the same, and all other persons other than the'jury, the counsél for the criminal, such ministers of the gospel as the criminal shall desire, officers of the prison, deputies and' guards shall be excluded during the execution. The executioner or his deputy shall require' the presence of át least one competent practicing physicianj or the physician of the prison, who shall examine the convict during thé execútion and announce when death has been inflicted on such convict. * * * ” (Emphasis supplied.)
The petition for habeas corpus attempts to raise the presumption that the first assistant engineer might not be present and, if he is not present, a deputy may perform the duty, and that there is no provision in the law for the appointment of a *789 deputy. The petition then alleges “under the statute anyone may be the executioner to carry out the death penalty”. There is no merit in this contention.
The law itself names the first assistant engineer as the person who shall perform the actual duty, “to execute and carry out the sentence of death by operating the switch or other mechanism”. The other provisions of the statute that “All executions shall be carried out by the executioner, deputy executioner and such dep-r uties, electricians and assistants as he may require to be present to assist”, does not change the first portion of the statute which names and designates the first assistant engineer as the person to pull the switch. Pulling the switch is only a part of the duties to be performed with reference to such execution. The doors must be guarded, the person to be executed must be prepared by being shaved and strapped in the chair, and all steps necessary must be. taken to see that the electrical mechanism is in proper order. These things may require the assistance of others but the actual pulling of the switch must be done by the first assistant engineer.
The presumption of law is that all public officials will perform their duties. The mandatory requirement of law is that the first assistant engineer,- whoever he may be, shall operate the switch or other mechanism necessary to send the electric current through the body of the condemned person.
The petition further alleges that the “executioner is an unidentified person so far as the public and this Petitioner is concerned”, and that the' execution will be carried out “by unnamed, unidentified, and un-designated person or persons”. It is alleged in the petition that the name- and identity of the executioner was not divulged and that someone at the State Prison advised that such information was kept secret.
The law itself sufficiently designates the person who must pull the switch as the first assistant engineer. Neither the statute nor the Constitution requires that the name or identity of the executioner should be further identified. See Buchanan v. Chapman, 108 Fla. 280, 146 So. 585, and Lundon v. Chapman, 151 Fla. 336, 9 So.2d 723, for decisions dealing with the history and changes in the law with reference to executing the death sentence.
The petition for writ of habeas corpus and for stay of other proceedings be, and the same is hereby, denied.
ROBERTS, C. J., and TERRELL, SE-BRING and DREW, JJ., concur.
HOBSON, J., not participating in the authorship of the opinion, but would grant the writ,
THOMAS, J., not participating.