**Hillery PRESTON, Petitioner-Appellant,**

v.

**Frank C. BLACKBURN, Warden, Louisiana State Penitentiary, Respondent-Appellee.**

**No. 79–3499.**

United States Court of Appeals, Fifth Circuit. Unit A

March 2, 1981.

Hillery Preston, pro se.

Ralph S. Whalen, Jr., New Orleans, La. (Court-appointed), for petitioner-appellant.

William J. Guste, Jr., Atty. Gen., Baton Rouge, La., James Kevin McNary, Harry F. Connick, Dist. Atty., New Orleans, La., for respondent-appellee.

Before COLEMAN, RUBIN and WILLIAMS, Circuit Judges.

COLEMAN, Circuit Judge:

In 1975, Hillery Preston was indicted and tried for aggravated rape. At trial the alleged victim, a 13-year-old girl, identified the defendant as her assailant and testified that he threatened her with a knife. Preston offered testimony from witnesses which, if believed, would tend to show that the girl was better acquainted with him than she admitted. Apparently, the jury did not believe these witnesses. It convicted defendant of aggravated rape and sentenced him to die. In the appeal styled *State v. Preston*, 349 So.2d 1252 (La.1977) the Louisiana Supreme Court affirmed the conviction but set aside the death penalty

and reformed the sentence to twenty years at hard labor.

At the time of indictment and conviction the defendant was not aware that the panel from which his grand jury had been selected excluded residents of a housing project called "Desire", located in a predominantly black neighborhood of New Orleans. The jury commission stopped serving jury summons in this housing project during a period of six months in 1975 (which includes the dates of defendant's indictment and conviction) because, according to the testimony, it feared for the safety of those delivering the summons. At trial and on appeal the defendant did not complain of the composition of the grand and petit juries.

Another defendant indicted during this period discovered the "Desire" omission and raised it both at the trial and appellate levels. In *State v. Cage*, 337 So.2d 1123 (La.1976), the Louisiana Supreme Court agreed that the omission was an error of constitutional proportions. In reversing Cage's conviction it held that excluding a *geographical area* of Orleans Parish from consideration for jury selection violated both the federal and state Constitutions. When others who had been indicted by a grand jury like Cage's, but had not raised the point at trial or on appeal, sought similar reversals the Louisiana Supreme Court refused to apply *Cage* retroactively. *See State v. Ferguson*, 358 So.2d 1214 (La.1978).

After learning of the *Cage* decision Preston filed habeas corpus actions at the state district and supreme court level, in both instances challenging the makeup of the grand jury *only*. His petitions were denied without comment. *State ex rel. Preston v. Blackburn*, 367 So.2d 383 (La.1979).

Failing of habeas relief from the Louisiana courts petitioner filed a similar action in the federal district court, again challenging only the makeup of the grand jury that indicted him. The petition for a federal writ of habeas corpus was denied without an evidentiary hearing, May 22, 1979. It was not until the appeal of this district court decision, which we consider here, that defendant raised a challenge to the composition of the petit jury that had convicted him.

Louisiana has a procedural regulation which requires that challenges to the composition of a grand jury be made before trial.[1] Failure to make such challenge in a timely manner constitutes a waiver of the objection. The United States Supreme Court in *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976) found this waiver to be constitutional. It ruled that in order to avoid the effect of this waiver defendant must establish a good cause for his failure to challenge the grand jury, and must further establish actual prejudice because of the error in selecting the grand jury. *Francis* at 542, 96 S.Ct. at 1711.

The State argues that *Francis, supra*, justifies the federal dismissal of Preston's habeas corpus action. It argues that defendant had just as much opportunity to discover the omission of summonses to the Desire housing project as defendant Cross did; that if we assume *arguendo* that petitioner established good cause for not complaining of the grand jury composition in his initial trial and appeal he fell short of establishing actual prejudice for the grand jury actually empanelled embodied a substantial representation of minorities.[2]

1. La.C.Cr.P. Art. 535 provides in part:
   B. A motion to quash shall be filed at least three judicial days before commencement of trial, and may be filed with permission of the court at anytime before commencement of trial, when based on any of the following grounds:
   
   \* \* \* \* \* \*
   
   3. A grand jury indictment is invalid because the manner of selection of the general venire, the grand jury venire, or the grand jury was illegal.

2. According to the 1970 census, as cited by the dissent in *State v. Cage*, 337 So.2d 1123, 1126 (La.1976) of the 539,471 residents of Orleans Parish only 9,500 (or 1.75%) lived in Desire Project. Of this total 2,695 were over the age of 18. During the applicable period the Jury Commission chose a 75 member jury venire, of which a minimum of 45% was black. There is no evidence offered that the Jury Commission excluded the residents of Desire project because of intentional race discrimination.

On the other hand, the petitioner argues that for two reasons *Francis v. Henderson, supra,* is distinguishable from his case. First, the *Francis* grand jury was only allegedly formed in an unconstitutional manner, whereas the grand jury here has been adjudicated by the state court to have been formed in an unconstitutional manner. Second, *Francis* only complained of the makeup of the grand jury, whereas here defendant complains also of the makeup of his petit jury. He argues that if *Francis* is on point he has established both good cause and actual prejudice; defendant could not be reasonably expected to have known or to have found out that the Jury Commissioners had not served jury summonses in all neighborhoods within the jurisdiction. He further contends that the reduction of the potential minority representation, under the teachings of the plurality opinion in *Brown v. Louisiana,* 447 U.S. 323, 100 S.Ct. 2214, 65 L.Ed.2d 159 (1980), is sufficient to establish actual prejudice.

In the present posture of this case, we decline comment on the merits of the arguments raised by the parties. Preston has raised his challenge to the composition of the state *grand jury* and has exhausted his state remedies on this point. However, he has neither raised in nor presented to any state court his challenge to the composition of his petit jury. He has not exhausted his state remedies on this issue. He states that his petit jury was chosen from the same group from which his grand jury was selected and argues that this is enough but he admits, as he must, that there has been no presentation or hearing on his petit jury attack in *any* court, state or federal.

In *Galtieri v. Wainwright,* 582 F.2d 348 (5th Cir. 1978) (en banc) we held that where a petitioner raises both exhausted and non-exhausted claims the district court must dismiss the entire petition. The petit jury issue was not raised in the District Court. It has been raised here. We are thus forced into the posture that a rejection of the grand jury claim would conclude only a part of Preston's case. The petit jury question would have to be remanded for exhaustion at the state level before being presented, if necessary, to the federal district court.

Accordingly, the judgment of the District Court is vacated and the cause is remanded with directions to dismiss the petition *without prejudice.*

VACATED and REMANDED With Directions.