George MILLER, Petitioner-Appellant,

v.

R. V. TURNER and The Attorney General of the State of Florida, Respondents-Appellees.

No. 81–5107
Summary Calendar.

United States Court of Appeals, Fifth Circuit.*
Unit B

Oct. 5, 1981.

ly." *United States v. Andrews*, 600 F.2d 563 (6th Cir. 1979).

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

George Miller, pro se.

Laura R. Morrison, Asst. Atty. Gen., West Palm Beach, Fla., for respondents-appellees.

Before GODBOLD, Chief Judge, FRANK M. JOHNSON, Jr. and ANDERSON, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

George Miller, a prisoner in the Glades Correctional Institution, Belle Glade, Florida, appeals from the denial of his *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 by the United States District Court for the Southern District of Florida. Miller raises three claims in this appeal. Two of these claims were exhausted in the Florida courts, and the district court below denied these claims on the merits without an evidentiary hearing. The third claim is raised for the first time on appeal. We affirm the order of the district court denying the petition and dismiss without prejudice the claim raised for the first time on appeal.

## FACTS

Miller was indicted by a Palm Beach County, Florida, grand jury on two counts of first degree murder. These charges related to the slayings of Miller's wife Amy and her alleged paramour, Willie Van Wesley. According to the description of the factual episode advanced by the assistant state attorney at the plea hearing and agreed to by Miller through his attorney, Miller discovered his wife and Mr. Van Wesley in an automobile in the early morning hours of April 4, 1979. Brandishing a sawed-off shotgun, Miller shot his wife twice as she alighted from the automobile. Then Miller fired into the car, striking Mr. Van Wesley with two shots. Both Amy Miller and Willie Van Wesley died from these gunshot wounds. (R. 46–48). Miller pled guilty to two counts of second degree murder and was sentenced to two consecutive life sentences with a mandatory minimum sentence of three years on each count, during which Miller would not be eligible for parole. The court retained jurisdiction over Miller as authorized by Fla.Stat.Ann. § 947.16(3) for one-third of each life sentence for the purpose of reviewing any recommendations for parole.

Miller filed a motion for post conviction relief pursuant to Fla.R.Crim.P. 3.850. The Florida Circuit Court of the Fifteenth Judicial Circuit denied that motion and a subsequent petition for rehearing. The Florida District Court of Appeals, Fourth District, affirmed without opinion. *Miller v. State*, 383 So.2d 1218 (Fla. 4th DCA 1980).

In his petition to the district court for a writ of habeas corpus, Miller raised two claims for relief. First, he argued that his conviction and sentence are illegal since they were entered in violation of the single transaction rule. Second, he claimed that his guilty plea was not knowing and voluntary since he was not made aware of the law pertaining to the case and the consequences of his plea by either the trial judge or his attorney. The district court held that these claims had been exhausted and denied the petition after reviewing the merits of the claims. On appeal, Miller again urges both of these arguments, and also raises for the first time an additional claim challenging the constitutionality of the statute under which the trial court retained jurisdiction over him, Fla.Stat.Ann. § 947.16(3).

## CHALLENGE TO CONSTITUTIONALITY OF FLA.STAT.ANN. § 947.16(3)

■ We first address Miller's argument that Fla.Stat.Ann. § 947.16(3), which authorizes a sentencing judge to retain jurisdiction over a defendant to review parole commission release orders, is unconstitutional, both under the Florida Constitution and the

United States Constitution. Miller failed to present this claim either to the Florida courts or to the district court below, but raises it for the first time in this appeal. Where an issue raised on appeal has not been advanced in the district court, it is not properly before the court of appeals. *Mayberry v. Davis*, 608 F.2d 1070, 1072 (5th Cir. 1979); *Messelt v. Alabama*, 595 F.2d 247, 250 (5th Cir. 1979); *Tifford v. Wainwright*, 592 F.2d 233, 234 (5th Cir. 1979).[1] Hence, we will not consider Miller's newly injected claim. The claims properly before this court are the same as those argued in the district court, namely, two wholly exhausted claims. Therefore, we now turn a review to the merits of those claims.

## SINGLE TRANSACTION THEORY

■ The substance of Miller's "same transaction" argument is that because the two murders for which he was charged occurred during the same criminal episode, his conviction and sentencing on two counts of murder violated the Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment. This argument is frivolous.

The record clearly indicates that Miller killed two people with two separate criminal acts. These acts constituted two distinct violations of the Florida murder statute, Fla.Stat.Ann. § 782.04. Thus, the prohibition established by the Double Jeopardy Clause against multiple punishments for the

1. The decision of this court in *Preston v. Blackburn*, 638 F.2d 788 (5th Cir. 1981), did not consider the argument that the court of appeals should not entertain issues raised for the first time on appeal, but noted that the injection of an unexhausted claim at the appellate level created a "mixed" petition which the court dismissed without prejudice, citing *Galtieri v. Wainwright*, 582 F.2d 348 (5th Cir. 1978) (en banc). We expressly decline to consider as part of the petition properly before us the claim raised by petitioner here for the first time. Therefore, even though petitioner's challenge to the constitutionality of Fla.Stat.Ann. § 947.-16(3) is unexhausted, we do not have a "mixed" petition since the petition before us presents only exhausted claims.

Our approach finds support in *Mayberry v. Davis, supra.* There, we held that such a

claim, raised for the first time on appeal, was not properly before us without inquiring as to whether the claim was exhausted or unexhausted. The critical question was whether the issues properly before the court of appeals had been heard on the merits by the district court on the assumption that they were exhausted. *See Mayberry v. Davis*, 608 F.2d at 1072, n.3, citing *Galtieri v. Wainwright*, 582 F.2d at 355–56 n.15, which footnote provides in part: "Once a federal habeas court has reached the merits of a claim and the case is presented for appellate review, ... the reviewing court must entertain the case on the merits." In the present case, the district court reached the merits of the claims in the wholly exhausted petition before it, and we therefore will review the merits of those claims.

same offense has no application here, since Miller received consecutive sentences for two different offenses of murder.[2]

## KNOWING AND VOLUNTARY PLEA

Miller next argues that his convictions and sentences should be vacated since the trial judge and his attorney did not ensure that he understood the law relating to his case and the consequences of his pleas prior to his entry of the guilty pleas. This argument is without merit.

■ Under *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), in order to pass constitutional muster, a guilty plea must be voluntary, intelligent and uncoerced. The defendant must enter his guilty plea with "sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). *See also McMann v. Richardson*, 397 U.S. 759, 766, 90 S.Ct. 1441, 1446, 25 L.Ed.2d 763 (1970); *Hill v. Estelle*, 653 F.2d 202, at 205 (5th Cir. 1981).

■ In the case at bar, it is clear that Miller made a knowing, voluntary and uncoerced plea of guilty to both counts. A review of the transcript of the plea hearing indicates that the trial judge questioned Miller closely to determine if Miller understood the nature of the charges against him and the consequences of the plea and if Miller was making the plea freely and without coercion. (R. 49–54, 58–9). Miller's claim that his plea was not knowing and voluntary because he was not advised that as a matter of law he could not receive multiple sentences is patently erroneous, as shown by our discussion of his "single transaction" claim above. Also frivolous is Miller's argument that he was unaware of the consequences of his plea because the trial

judge failed properly to advise him that he would be required to serve three years without opportunity for parole under Fla. Stat.Ann. § 775.087(2). The transcript of the plea hearing squarely refutes this argument; appellant was expressly and clearly advised in this regard.

■ Miller also claims that his plea was defective since he was not aware before he entered his plea that the state would recommend to the trial judge that he retain jurisdiction over Miller for a period of one-third of each sentence under Fla.Stat.Ann. § 947.-16(3). However, the trial judge gave Miller the opportunity to withdraw the plea after the state made this request and allowed Miller and his attorney fifty minutes to discuss the matter. (R. 60–61). Miller's argument that he and his attorney did not discuss the issue during that time directly conflicts with the statements made to the trial judge after the recess. Miller's attorney indicated that he had discussed the matter with Miller and they had decided to continue the plea of guilty. Miller acceded to that position. (R. 61–2). It is clear that Miller was fully aware of the consequences of his plea when he decided to continue the plea.

## CONCLUSION

Since we find no merit in the claims advanced by Miller, we affirm the order of the district court. We dismiss the claim raised for the first time on appeal without prejudice to any opportunity Miller may have to request relief in an appropriate forum. In view of our disposition of this matter, appellant's motion for appointment of counsel is denied.

AFFIRMED.

---

2. The Florida Supreme Court has held where a person commits two murders in the course of one criminal affray, each homicide is a separate offense. *Blitch v. Buchanan*, 100 Fla. 1242, 132 So. 474 (1931). In that case, the court held that the use of separate trials for each offense would not constitute double jeopardy. Similarly, the United States Supreme Court in *Ciucci v. Illinois*, 356 U.S. 571, 78 S.Ct. 839, 2 L.Ed.2d

983 (1958), rejected a double jeopardy claim where a defendant who shot and killed three members of his family during one episode was tried separately for each offense. Likewise, where in one criminal proceeding a defendant receives consecutive sentences for separate offenses of murder, there is no violation of the Double Jeopardy Clause for imposing multiple punishments.