Hillery PRESTON, Petitioner-Appellant,

v.

Ross MAGGIO, Jr., Warden, Louisiana State Penitentiary, et al., Defendants-Appellees.

No. 82–3606
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 16, 1983.

Hillery Preston, pro se.

John H. Craft, Asst. Dist. Atty., New Orleans, La., for defendants-appellees.

Before REAVLEY, GARWOOD and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Hillery Preston appeals from the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The issue on appeal is whether Preston's challenge to the composition of the petit jury which convicted him is barred by his failure to raise the claim at trial. The district court held that the lack of a contemporaneous objection bars a federal habeas court from hearing Preston's claim with respect to which the state courts had invoked their contemporaneous objection rule as a bar. We vacate and remand.

I.

Preston was convicted of the aggravated rape of a thirteen-year-old female in 1975 and was sentenced to death. In *State v. Preston,* 349 So.2d 1252 (La.1977), the Louisiana Supreme Court affirmed the conviction but set aside the death penalty and reformed the sentence to twenty years imprisonment at hard labor.

At the time of indictment and conviction, the venire from which Preston's grand jury and petit jury were selected excluded residents of the Desire Housing Project which is located in a predominately black neighborhood of New Orleans. The jury commission stopped serving jury summonses in this housing project during a period of six months in 1975 (a period inclusive of the dates of Preston's indictment and conviction) because it feared for the safety of the process servers. At trial and on appeal of his conviction, Preston did not complain of the composition of the grand or petit juries.

After his conviction was affirmed, Preston filed habeas corpus petitions in the state district and supreme courts. In these petitions, he challenged the composition of only the grand jury. His petitions were denied without comment by both the state district and supreme courts. *State ex rel. Preston v. Blackburn,* 367 So.2d 383 (La. 1979).

Preston then filed a habeas corpus petition in federal district court, again challenging the composition of only the grand jury that indicted him. It was denied. In appealing the denial, Preston raised, for the first time, a challenge to the composition of the petit jury that convicted him. In *Preston v. Blackburn,* 638 F.2d 788 (5th Cir.

1981), this court dismissed Preston's appeal without prejudice to his right to reapply for federal habeas corpus relief after exhausting available state court remedies on all his claims.

On his return to the state court system, Preston filed petitions in the state district court and supreme court, and, dropping his grand jury claim, challenged the composition of *only* the petit jury. His petitions were again denied without comment by both courts.

Preston then filed his second habeas corpus petition in federal district court. In this petition, he challenged only the composition of the petit jury. The district court declined to reach the merits of the petitioner's claim, holding that on the basis of *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) and *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), Preston was barred from raising the claim by his failure to move to quash the jury panel at the time of his trial.

## II.

Preston's sole contention on appeal is that the merits of his habeas petition should be considered despite his failure to make a contemporaneous objection at trial.

In *Wainwright v. Sykes,* the Supreme Court considered the availability of federal habeas corpus to review a state convict's constitutional claim, where the convicting state court had previously refused to consider the claim on the merits because of non-compliance with a state contemporaneous-objection rule. 433 U.S. at 74, 97 S.Ct. at 2499–2500. The Court enunciated the "cause-and-prejudice" test, which bars federal habeas corpus relief under these circumstances "absent a showing of cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation." *Id.* at 84, 97 S.Ct. at 2505.

The purpose behind *Sykes* is "to accord appropriate respect to the sovereignty of the states in our federal system." 442 U.S. at 154, 99 S.Ct. at 2223. The basis for the decision lies in four concerns: (1) comity:

federal courts should respect state rules of procedure; (2) finality: the state claim, if presented at trial, might have been dealt with in a way that disposed of either the claim itself or the entire case; (3) accuracy: the state trial, unlike federal habeas review, takes place a relatively short time after the events of the crime, when witnesses are available and memories are fresh; and (4) trial integrity: all issues should be fully aired at the trial, with no inducement for the defendant, or his attorney, to withhold certain issues in the hope of obtaining a more favorable ruling from a federal court. Such concerns are not raised merely by the procedural default, but the procedural default must also serve as the basis for a state court refusal to review the merits of a petitioner's federal constitutional claim. *Forman v. Smith,* 633 F.2d 634, 639 (2d Cir.1980), *cert. denied,* 450 U.S. 1001, 101 S.Ct. 1710, 68 L.Ed.2d 204 (1981).

After *Sykes* then, a federal habeas court is called upon to make the following analysis before relief may be granted. First, it must decide whether the state court applied the procedural bar in denying the petitioner's federal constitutional claim. Second, assuming that a state court applied the procedural bar, the federal court must consider whether there was adequate cause for the petitioner's failure to comply with the procedural rule. And third, assuming adequate cause, the federal court must decide whether the petitioner suffered actual prejudice from the alleged constitutional violation before habeas relief may be granted. Cause-and-prejudice analysis is, therefore, triggered only if the federal court determines that the state courts have refused to hear a petitioner's federal constitutional claim because of a state law procedural default. *Henry v. Wainwright,* 686 F.2d 311 (5th Cir.1982); *Miller v. Estelle,* 677 F.2d 1080, 1084 (5th Cir.1982); *Thompson v. Estelle,* 642 F.2d 996 (5th Cir.1981).

Here the state argues that because articles 535 B(2) and 535 of the Louisiana Code of Criminal Procedure require that a motion to quash based upon the allegation that a

petit jury venire was improperly drawn, selected or constituted, be filed prior to trial, this case is governed by the cause-and-prejudice analysis of *Sykes.* Preston claims that *Sykes* is no bar because the Louisiana court did not reject his petit jury claim on the basis of his procedural default, i.e., a failure to comply with articles 535 B(2) and 535 D.[1] As noted above, the Louisiana Supreme Court rejected this claim without comment. This silence poses the question of how to interpret the rejection of the claim by that court.

■ In this circuit, the determination of whether state procedural bars were invoked by the state courts has been made on a case-by-case basis, upon a consideration of all the relevant indicia. *Ratcliff v. Estelle,* 597 F.2d 474 (5th Cir.), cert. denied, 444 U.S. 868, 100 S.Ct. 143, 62 L.Ed.2d 93 (1979); *Thompson v. Estelle, supra.* Thus, where the state court does not make its reason for decision explicit, the absence of express reliance on a procedural ground does not mandate a conclusion that the state court's decision was not procedurally based. At the same time, the mere fact that an adequate procedural ground was available to the state court does not compel a conclusion that this ground formed the basis for the court's holding. *Alderman v. Austin,* 663 F.2d 558 (5th Cir.1981); *Madeley v. Estelle,* 606 F.2d 560 (5th Cir.1979).

■ In determining whether a state procedural bar has been invoked by a state court in a given case, this court, as far as we are able to determine, has never dealt with the situation presented here, i.e., where the state court has denied relief without offering any reason for its denial. The same considerations, however, which are applied to make the determination in those cases where a state court has been less than explicit (but not silent) as to the

basis for its decision should also be applied. *See Taylor v. Harris,* 640 F.2d 1 (2d Cir.), cert. denied, 452 U.S. 942, 101 S.Ct. 3089, 69 L.Ed.2d 958 (1981); *Lewis v. Cardwell,* 609 F.2d 926, 928 (9th Cir.1979). Among these considerations are whether the state court has used procedural default in similar cases to preclude review of the claim's merits, whether the history of the case would suggest that the state court was aware of the procedural default, and whether the state court's opinions suggest reliance upon procedural grounds or a determination of the merits. *Ulster County Court v. Allen,* 442 U.S. 140, 147–54, 99 S.Ct. 2213, 2219–23, 60 L.Ed.2d 777 (1979); *Henry v. Wainwright,* 686 F.2d at 314.

■ Based on the law of the State of Louisiana, we conclude that the Louisiana Supreme Court would not have excused Preston's procedural default to reach the merits of his petit jury claim. This conclusion is consistent with established state law. Articles 535 B(2) and 535 D require that challenges to the composition of a petit jury be made before trial. The Louisiana Supreme Court has held these regulations to preclude review of claims with regard to the impropriety of jury venire in many cases, e.g., *State v. Collins,* 359 So.2d 174 (La.1978); *State v. Hall,* 350 So.2d 141 (La. 1977); *State v. Durr,* 343 So.2d 1004 (La. 1977); *State v. Brumfield,* 263 La. 147, 267 So.2d 553 (La.1972). There is no indication that it would have done otherwise in Preston's case. Therefore, in the situation presented here, where the Louisiana Supreme Court's opinion does not make it clear that the merits have been reached, the court may be presumed to have applied its state law to reject the claim on the basis of the procedural default. *Cf., Henry v. Wainwright,* 686 F.2d at 314 (where Florida state law excused procedural defaults in

---

1. LSA–C.Cr.P. art. 535 provides in part:

    B. A motion to quash shall be filed at least three judicial days before commencement of trial, and may be filed with permission of the court at any time before commencement of trial, when based on any of the following grounds:

    . . . .

    (2) The general venire or the petit jury venire was improperly drawn, selected, or constituted;

    . . . .

    D. The grounds for a motion to quash under paragraphs B and C are waived unless a motion to quash is filed in conformity with those provisions.

death cases it was presumed that the state court reached the merits).

Other factors also support a finding that the state court applied the procedural bar in rejecting Preston's claim. The procedural default by Preston with regard to the petit jury claim was specifically discussed by this court in its previous opinion which dismissed Preston's claim without prejudice. *Preston v. Blackburn,* 638 F.2d at 789. It is thus reasonable to assume that the state court was well aware of Preston's failure to object to the petit jury at trial and, in reviewing his claim which we had, in effect, returned to the state court for consideration, was thinking in procedural terms when it denied relief.

Finally, in the circumstances presented by this case, the silence of the Louisiana Supreme Court is not a neutral factor. In *State v. Cage,* 337 So.2d 1123 (La.1976), that court affirmed a trial court's granting of a motion to quash an indictment rendered by a grand jury which had been drawn from a venire which excluded Desire residents. However, in a later case, *State v. Ferguson,* 358 So.2d 1214 (La.1978), the court refused to apply *Cage* in cases in which a defendant, while having been indicted by a grand jury which excluded those residents, was convicted by a petit jury properly confected. Because Preston was not only indicted by a grand jury, but also convicted by a petit jury which was drawn from venires which excluded Desire residents, it would seem that the supreme court would require the reversal of his conviction if it had ruled on the merits of his claim. Therefore, the Louisiana Supreme Court's summary affirmance without opinion strongly suggests that the court relied on Preston's procedural default to reject his petit jury claim.

Based on these factors, we conclude that Preston's claim was rejected by the state court on the procedural ground that he failed to challenge the composition of the jury before trial and that the merits of his claim were not considered. Therefore, federal court review of Preston's claim is barred unless Preston can show cause for his procedural default and actual prejudice resulting from the exclusion of the Desire Housing Project residents from the petit jury venire.

### III.

In the district court, Preston attempted to show cause for his failure to object to the petit jury panel by contending that he was unaware that the jury commission had stopped serving jury summonses in the Desire Housing Project. The district court found that even though Preston may not have known of the exclusion of the Desire residents from the jury venire, the exclusion of those residents was ascertainable at the time of Preston's trial. Therefore, the district court found that Preston could not establish cause for his failure to object to the petit jury panel. In its holding, the district court relied on the fact that a defendant who had been indicted by the same grand jury which indicted Preston had timely objected to his indictment on the basis that the Desire residents had been excluded from the grand jury venire. *See State v. Cage, supra.*

However, we note that Preston was convicted in June 1975. Cage's motion to quash was not made until August 1975 and not ruled upon until December 1975. We do not know whether information on the Desire exclusion became a matter of public knowledge, if at all, before or after Preston's conviction. We do not know how Cage obtained the information to support his motion to quash. Nor do we know whether facts or circumstances exist which would have made the Desire exclusion knowable, even if not a matter of public knowledge, through the exercise of reasonable diligence before Preston's trial.

▪ Therefore, it is necessary that Preston be given the opportunity to show cause for his failure to object, i.e., that the fact of the Desire exclusion was unknowable when he could have timely raised the issue before the trial court through the exercise of reasonable diligence.

▪ If Preston establishes cause for failing to raise the Desire exclusion he will

then have to establish prejudice, that is, that his federal constitutional rights were violated by the exclusion of Desire residents from service of juror process. In this connection, it is necessary to keep in mind that an essential characteristic of an impartial jury is that the jury be drawn from a fair cross-section of the community. *Taylor v. Louisiana,* 419 U.S. 522, 526–31, 95 S.Ct. 692, 695–98, 42 L.Ed.2d 690 (1975). *See also Zicarelli v. Dietz,* 633 F.2d 312 (3rd Cir. 1980), *cert. denied,* 449 U.S. 1083, 101 S.Ct. 868, 66 L.Ed.2d 807 (1981). The burden will be on Preston, of course, to establish that he was denied such a jury because Desire residents were not served jury summonses.

For the above and foregoing reasons, the judgment of the district court is vacated and the cause is remanded for proceedings consistent with this opinion.

VACATED AND REMANDED.