**Hillery PRESTON, Petitioner-Appellant,**

v.

**Ross MAGGIO, Jr., Warden, Louisiana State Penitentiary and William J. Guste, Jr., Attorney General of Louisiana, Respondents-Appellees.**

No. 84–3012.

United States Court of Appeals,
Fifth Circuit.

Sept. 10, 1984.

Rehearing Denied Oct. 29, 1984.

Gerard H. Schreiber, Sr., Asst. Federal Public Defender (court-appointed), New Orleans, La., for petitioner-appellant.

Harry F. Connick, Dist. Atty., Susan Scott Hunt, Asst. Dist. Atty., New Orleans, La., for respondents-appellees.

Before GEE and POLITZ, Circuit Judges, and BELEW,* District Judge.

GEE, Circuit Judge:

Hillery Preston appeals from the district court's denial of his petition for relief pursuant to 28 U.S.C. § 2254. We are asked to decide whether a policy adopted by the jury commissioner of Orleans Parish—that process servers would not be required to serve potential jurors within New Orleans' Desire Housing Project because the city could not assure their safety—so impaired

* District Judge of the Northern District of Texas, sitting by designation.

the composition of the venire from which Preston's petit jury was selected as to deny him his Sixth Amendment right to a jury drawn from a "fair cross-section" of the community. Since Preston failed to comply with Louisiana's contemporaneous objection rule in that he did not move to question the jury panel at trial, he must demonstrate adequate cause for his noncompliance and actual prejudice resulting from the alleged constitutional violation in order to obtain federal relief on this ground. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). For the reasons detailed below, we conclude that the evidence adduced by Preston does not make out the necessary showing of actual prejudice. Accordingly, we affirm the denial of the writ.

## I.

Preston, a Louisiana state prisoner, was tried in state court in Orleans Parish and convicted of aggravated rape in June 1975. He appealed his conviction and sentence of death to the Supreme Court of Louisiana; his conviction was affirmed but his sentence was reduced to 20 years at hard labor. *State v. Preston*, 349 So.2d 1252 (La.1977).[1]

In September 1976, the Louisiana Supreme Court decided *State v. Cage*, 337 So.2d 1123 (La.1976). Cage, a criminal defendant indicted in Orleans Parish by the same grand jury that indicted Preston, moved to quash his indictment on the ground that the alleged discontinuation of service of jury summons within the Desire Housing Project resulted in a violation of his Sixth Amendment right to a grand jury selected from a fair cross-section of the community. Affirming the district court, the state supreme court sustained Cage's motion to quash his grand jury on grounds that Cage had demonstrated the "intentional exclusion from jury service of a sizable geographic group within the parish," *Cage,*

337 So.2d at 1125, and that "the grand jury venire was assembled in violation of both federal and state constitutional principles because the exclusion was deliberate and involved a sizable and distinctive group within the community," *id.*

Preston did not challenge the composition of either his grand or petit jury at trial or on direct appeal. After learning of the *Cage* decision, however, he filed habeas petitions in state court challenging the composition of his grand jury only. These were denied without comment, *State ex rel. Preston v. Blackburn*, 367 So.2d 383 (La.1979), whereupon Preston filed a similar federal habeas claim which was also denied. On appeal from that denial Preston, for the first time, also challenged the composition of the petit jury that convicted him. This Court dismissed that appeal without prejudice for failure to exhaust his state remedies as to the petit jury claim. *Preston v. Blackburn*, 638 F.2d 788 (5th Cir.1981). Preston then filed state habeas petitions challenging the composition of only the petit jury; these were again denied without comment. *State ex rel Preston v. Maggio*, 414 So.2d 1257 (La.1982). Returning to federal court, Preston filed a challenge to the petit jury alone. The district court rejected his petition without reaching the merits on the grounds that Preston had failed to show "cause and prejudice" for his failure to comply with Louisiana's contemporaneous objection rule as required by *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Preston appealed that dismissal to this Court, which vacated the trial court's judgment and remanded to the district court for an evidentiary hearing at which Preston would have an opportunity to show "cause and prejudice." *Preston v. Maggio*, 705 F.2d 113 (5th Cir.1983).

After an evidentiary hearing at which Preston, his trial counsel, the former manager of the Desire project, and the chairman of the Orleans Parish Jury Commis-

---

1. The history of Preston's attempts to obtain appellate and collateral review is amply set out in our earlier opinions treating of his case: *Preston v. Maggio*, 705 F.2d 113 (5th Cir.1983);

*Preston v. Blackburn*, 638 F.2d 788 (5th Cir. 1981). We merely summarize relevant points here.

sion all testified, the magistrate found that Preston did have cause for not moving at or before trial to quash the jury panel on the basis of the exclusion of Desire residents in that he did not know, nor could he in the exercise of reasonable diligence have known, of the exclusion of these citizens from the venire. However, the magistrate also found that Preston had failed to establish that the residents of the Desire project constitute a "distinctive group or identifiable segment of the community" such that their exclusion would violate Preston's right to a jury drawn from a fair cross-section of the community, and that Preston had shown neither that the exclusion of Desire residents violated his constitutional rights nor that he suffered actual prejudice therefrom. The district court, adopting the magistrate's findings and recommendations, denied the petition. Preston appeals.

## II.

■ Under the *Sykes* "cause and prejudice" test, federal habeas relief is barred where a petitioner has not complied with a state contemporaneous objection rule "absent a showing of cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation." *Sykes*, 433 U.S. at 84, 97 S.Ct. at 2505. In remanding this case to the district court, we described the showing that Preston would need to make at the evidentiary hearing to satisfy the *Sykes* standard:

> [I]t is necessary that Preston be given the opportunity to show cause for his failure to object, i.e., that the fact of the Desire exclusion was unknowable when he could have timely raised the issue before the trial court through the exercise of reasonable diligence.
>
> If Preston establishes cause for failing to raise the Desire exclusion he will then have to establish prejudice, that is, that his federal constitutional rights were violated by the exclusion of Desire residents

from service or juror process. In this connection, it is necessary to keep in mind that an essential characteristic of an impartial jury is that the jury be drawn from a fair cross-section of the community. The burden will be on Preston, of course, to establish that he was denied such a jury because Desire residents were not served jury summonses.

705 F.2d at 117–18 [citations omitted].

■ Our initial question on this appeal is whether Preston has met the test we set him to show actual prejudice. What constitutes "actual prejudice" sufficient to meet the *Sykes* test in the context of an allegation of a constitutionally defective venire has not been defined with any precision either by the Supreme Court or by this Circuit. We do not attempt to flesh out a complete and exclusive definition here: the facts of this case neither necessitate nor warrant such an endeavor. However, at the least such a showing of actual prejudice would entail the submission of evidence that the alleged constitutional defect in the jury selection process actually affected the selection of the jury venire in the petitioner's case. Here, the violation alleged is the exclusion of Desire residents from the venire by virtue of the failure to serve with process Desire residents whose names were selected from the wheel. Preston must, as a minimum, show that names of Desire residents were in fact chosen from the wheel to make up the venire out of which his jury panel was eventually chosen, and that they were not served.

This record contains no such evidence. The jury commissioner testified to the existence, during the relevant time period, of a policy of not forcing process servers to go into the Desire project because the city could not provide for their safety. However, no evidence was presented that in the selection process for Preston's jury names of any Desire residents were chosen from the wheel to be served in the first place.[2]

---

**2.** Preston's counsel for this appeal conceded at oral argument that such evidence was not in the record.

Moreover, the excluded group, whether considered as a geographical unit[3] or as a low-income group,[4] is so small that we may not infer, as a statistical matter, that some number of them must necessarily have been included in the venire chosen from the wheel—an inference we might be willing to make where the group excluded made up a substantial portion of the wheel-eligible population.[5]

In sum, on this record Preston has not shown that the city's policy had any actual effect on his venire. We may not, therefore, afford him federal habeas relief. The denial of the writ is

AFFIRMED.

3. We pretermit the difficult question of whether a group defined merely by location of residence could ever constitute a "distinctive or identifiable group" such that their exclusion would prevent the representation of a "fair cross-section of the community." *See Zicarelli v. Dietz*, 633 F.2d 312 (3d Cir.1980), *cert. denied*, 449 U.S. 1083, 101 S.Ct. 868, 66 L.Ed.2d 807 (1981) (concluding that the exclusion of a group defined by geography alone could not violate the fair cross-section requirement); *see also United States v. Butera*, 420 F.2d 564 (1st Cir.1970) (rejecting argument that residents of a county should be considered a distinct group for cross-section analysis); *but see United States v. Test*, 550 F.2d 577, 590–93 (10th Cir.1976) (*contra*).

4. The record evidence establishes that residents of the Desire housing project have incomes below the cutoff line for project residence eligibility; thus, they can be defined in terms of their income. The record does not contain any other demographic data by which they could be classified, such as race or sex.

5. According to the 1970 census cited by the dissent in *Cage*, of the 539,471 residents of Orleans Parish, some 9,500, or 1.75%, live in the Desire project and of these only 2,695 were over the age of 18 and thus eligible for the wheel (if they were registered voters). The facts contained in the *Cage* opinion have been made part of the record in this case by stipulation of the parties.