**Malcolm T. BOOKER,
Petitioner–Appellant,**

v.

**James A. LYNAUGH, Etc.,
Respondent–Appellee.**

**No. 88–2380.**

United States Court of Appeals,
Fifth Circuit.

April 14, 1989.

Malcolm T. Booker, Huntsville, Tex., pro se.

S. Michael Bozarth, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellee.

Before REAVLEY, JONES and DUHE, Circuit Judges.

BY THE COURT:

Petitioner Malcolm T. Booker moves this Court for a certificate of probable cause to appeal the denial of his habeas corpus petition. Booker also moves to proceed *in forma pauperis* on appeal and for appointment of appellate counsel. We GRANT CPC and IFP, VACATE the district court's judgment and REMAND for further proceedings. Booker's motion for appointment of counsel is DENIED as moot.

The district court dismissed Booker's habeas corpus petition based upon the magistrate's recommendation. Four of Booker's nine claims were dismissed on the merits and the remaining claims were found to be procedurally barred. The Texas state district court did not rule on the habeas petition because it was filed while Booker's appeal was pending in the Texas Court of Criminal Appeals. The Texas Court of Criminal Appeals denied Booker's application for habeas relief without opinion on a form order that stated, "Application denied without written order." The federal district court, pursuant to *Preston v. Maggio,*

705 F.2d 113, 116 (5th Cir.1983), concluded that the state court applied a procedural bar to the claims in question. In *Harris v. Reed,* —— U.S. ——, —————, 109 S.Ct. 1038, 1041–45, 103 L.Ed.2d 308 (1989), the United States Supreme Court recently overruled *Preston* in this regard when it held that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." Here, there was no clear and express statement by either state court that it was relying on a state procedural bar in denying habeas relief. We would draw the state courts' attention to the footnote in *Harris* which observes that a state court may continue to rely on a procedural bar by modifying its form orders, like the one issued in this case, to state, where applicable, that "relief is denied for reasons of procedural default." *Harris,* —— U.S. at —— n. 12, 109 S.Ct. at 1044 n. 12. Accordingly, the district court is not precluded from reviewing Booker's claims. We vacate the district court's judgment and remand the case for further proceedings.

VACATED and REMANDED.