IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40013
Summary Calendar

_____

JAMES M. MALONE,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE
INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-717
--------------------

December 13, 1999

Before DAVIS, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

James M. Malone, Texas prisoner # 666213, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). Malone argues that because the limitations period was tolled during the pendency of his second state habeas application, his § 2254 petition was timely filed. Because Malone's second state habeas application was "properly filed" in accordance with Texas'

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

procedural requirements, the time during which it was pending is not counted toward the limitations period.  See <u>Villegas v. Johnson</u>, 184 F.3d 467, 470 (5th Cir. 1999).  Malone's second state application was filed on August 1, 1996, and was denied on April 9, 1997.  Because the limitations period was tolled during the time during which Malone's second state habeas application was pending, Malone's § 2254 petition was timely filed on July 25, 1997.  The district court's dismissal of Malone's § 2254 petition as time-barred was plain error.  See <u>Johnson v. United States</u>, 520 U.S. 461, 467 (1997)(it is enough that an error be plain at the time of appellate consideration); <u>United States v. Calverley</u>, 37 F.3d 160, 162-64 (5th Cir. 1994).

Nor can we affirm on the alternate ground found by the district court.  The last state court decision does not clearly show that Malone's second state habeas application was denied as abuse of the writ.  See <u>Booker v. Lynaugh</u>, 872 F.2d 100 (5th Cir. 1989).

The district court's judgment is VACATED and the case is REMANDED for further proceedings.

VACATED AND REMANDED.